Karryn MATLOCK, Appellant,

v.

John McCORMICK, Individually, and as Alter Ego of Dallas Nightclub, and Tina Wheeldon, Individually, and as Alter Ego of Associated Club Management, Appellees.

No. 04–96–00052–CV.

Court of Appeals of Texas, San Antonio.

April 30, 1997.

Daniel R. Rutherford, Law offices of Daniel R. Rutherford, Alex Katzman, Law Offices of Katzman & Katzman, San Antonio, for Appellant.

Lynn C. Hensley, Kirby C. King, Hensley & King, P.C., Round Rock, Robert E. Golden, Robert E. Golden, P.C., Susan Stone, Robert D. Kilgore, Foster, Heller & Kilgore, P.C., San Antonio, for appellees.

Before HARDBERGER, C.J., and STONE and DUNCAN, JJ.

## OPINION

STONE, Justice.

Karryn Matlock appeals from a general summary judgment granted in favor of John McCormick and Tina Wheeldon. Matlock was terminated from her job as a waitress at Dallas Nightclub for allegedly selling drugs at work. Within a year of her termination Matlock sued Associated Club Management d/b/a Dallas Nightclub for defamation and intentional infliction of emotional distress. More than two years after her termination, Matlock added as defendants Tina Wheeldon, individually and as alter ego of Associated Club Management, and John McCormick, individually and as alter ego of Dallas Nightclub. Summary judgment was entered in favor of Wheeldon and McCormick.[1]

On appeal, Matlock claims that summary judgment was improper because there are fact issues about whether Wheeldon and McCormick were alter egos of corporations that employed Matlock, and because the discovery rule should be applied to toll the statute of limitations. We hold that the discovery rule is inapplicable under the facts presented and that Matlock failed to timely sue Wheeldon and McCormick. Accordingly, we affirm the summary judgment.

### Factual Background

On the evening of January 29, 1993, Matlock was fired as a waitress at Dallas Nightclub for suspected illegal activities. Dallas Nightclub is owned by Sooke Harbour Investments, Inc. and managed by Payroll Services Corporation d/b/a Associated Club Management (hereinafter "ACM"). Later that evening, the employees at Dallas Nightclub were told about Matlock's alleged illegal activities. Approximately six months later, Matlock sued ACM and Charlie Orr, the manager who fired her, for slander, invasion of privacy, and intentional infliction of emotional distress. Sooke Harbour Investments,

---

1. The summary judgment evidence shows that Tina Wheeldon is the president of ACM and a shareholder of the corporation. John McCor-mick is a well-paid consultant retained by ACM, but he is not a shareholder.

Inc., the parent company of Dallas Nightclub, was never made a party to this suit.

Matlock alleges that during discovery she unearthed evidence that ACM and Dallas Nightclub were two of numerous sham corporations through which Wheeldon, McCormick, and others orchestrated an elaborate scheme to channel corporate assets to the Virgin Islands. Thus, Matlock joined McCormick and Wheeldon as defendants. More than two years after she was fired, Matlock sued McCormick individually and as alter ego of Dallas Nightclub, and sued Wheeldon individually and as alter ego of ACM.

At the summary judgment hearing, Matlock proceeded under her Fifth Amended Petition which listed the following causes of action: (1) slander; (2) invasion of privacy; (3) intentional infliction of emotional distress; (4) piercing the corporate veil; and (5) violations of the Fraudulent Transfer Act. McCormick moved for summary judgment on the basis that he was not a shareholder of Sooke Harbour Investments, Inc. or Payroll Services Corporation; Charlie Orr was never his agent or employee; and the limitations period on Matlock's causes of action had expired. Wheeldon also sought summary judgment on the basis of limitations, and she denied allegations of alter ego and fraudulent transfer of corporate assets.

## Cross Point

Matlock brings forward three points on appeal and Wheeldon urges one cross point. Citing to *Philbrook v. Berry*, 683 S.W.2d 378, 379 (Tex.1985), Wheeldon argues that Matlock failed to timely perfect this appeal. After the summary judgment was granted, McCormick and Wheeldon obtained a severance order which severed the judgment entered in their favor from the remaining actions against ACM. A new cause number for the final judgment was created. Matlock's motion for new trial was filed under the original cause number rather than under the severed cause number. Wheeldon thus argues that the motion for new trial failed to invoke the appellate court's jurisdiction. *See id.*

Since deciding the *Philbrook* decision, the Supreme Court has questioned the soundness of its holding, *see City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex.1992) and *Texas Instruments v. Teletron Energy Management*, 877 S.W.2d 276, 278 (Tex.1994), and has reminded appellate courts that decisions should turn on substance rather than procedural technicality. *Texas Instruments*, 877 S.W.2d at 278. The Supreme Court has also determined that an appellate court has jurisdiction over an appeal when the appellant files an instrument that is "a bona fide attempt to invoke appellate court jurisdiction." *Mueller v. Saravia*, 826 S.W.2d 608, 609 (Tex.1992); *City of San Antonio*, 828 S.W.2d at 418; *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex.1991). If there is no suggestion of confusion regarding which judgment the appellant appeals, the misnumbering should not defeat the appellate court's jurisdiction. *City of San Antonio*, 828 S.W.2d at 418. To the extent that Matlock's motion for new trial refers to the summary judgment granted in favor of McCormick and Wheeldon and it was the only summary judgment granted in this case, we find that the misnumbering caused no confusion regarding the judgment from which she sought appeal. *See id; see also Blankenship v. Robins*, 878 S.W.2d 138, 139 (Tex.1994) (finding motion for new trial erroneously filed in severed cause number rather than in original cause number nonetheless extended appellate timetable in original cause number); *Agbor v. St. Luke's Episcopal Hosp.*, 912 S.W.2d 354, 356 (Tex.App.—Houston [14th Dist.] 1995, writ granted). Therefore we hold that Matlock timely perfected this appeal. Wheeldon's cross point is overruled.

## Arguments on Appeal

In two points of error, Matlock contends that fact issues exist which render the summary judgment improper. To this end, Matlock lists a myriad of contentions regarding McCormick's ownership interest in Dallas Nightclub, Wheeldon's business relationship with McCormick, and Wheeldon's alleged involvement in draining corporate assets. These facts, even if taken as true, relate to

the alleged improper use of the corporate structure and do not preclude summary judgment in the instant case. The fact issues noted by Matlock have no bearing on the causes of action she has alleged, with the exception of the claim of piercing the corporate veil. In and of itself, however, piercing the corporate veil is not an independent cause of action. Rather, it is a means of imposing liability on an underlying cause of action. *Crum & Forster, Inc. v. Monsanto Co.*, 887 S.W.2d 103, 147 (Tex.App.—Texarkana 1994, no writ).

Proceeding on the affirmative defense of limitations, McCormick and Wheeldon had to prove, as a matter of law, when Matlock's causes of action accrued and that there was no genuine issue of fact about when plaintiff discovered or should have discovered the nature of her injury. *See Wilson v. Rudd*, 814 S.W.2d 818, 823 (Tex.App.—Houston [14th Dist.] 1991, writ denied). In the factual allegations of her pleadings, Matlock stated that on the evening of her dismissal, all the employees were informed that she was under investigation for illegal activities. That action, states Matlock, forms the basis of her claims for intentional infliction of emotional distress, invasion of privacy, and slander. Thus, Matlock's pleadings indicate that the statute of limitations began running as of January 29, 1993.

■ Ordinarily, pleadings do not constitute summary judgment evidence. *See Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex.1971). Pleadings may form the basis for a summary judgment for a defendant, however, when the plaintiff has filed her case outside the applicable limitations period. *See Alice Roofing & Sheet Metal v. Halleman*, 775 S.W.2d 869, 870 (Tex.App.—San Antonio 1989, no writ). The facts of the instant case bring us squarely within the latter stated exception. The limitations period for slander is one year, TEX. CIV. PRAC. & REM.CODE ANN. § 16.002 (Vernon Supp.1997), and actions for intentional infliction of emotional distress and invasion of privacy have a two year statute of limitations. TEX. CIV. PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986 & Supp.1997); *see Stevenson v. Koutzarov*, 795 S.W.2d 313, 319

(Tex.App.—Houston [1st Dist.] 1990, writ denied). Since Matlock's pleadings show that the limitations period on the underlying causes of action had expired, summary judgment was proper on this ground. Points of error number one and two are overruled.

■ Matlock contends in her third point of error that application of the discovery rule and the fraudulent concealment doctrine precludes summary judgment on the basis of limitations. Matlock correctly notes that fraudulent concealment of a cause of action will toll the statute of limitations. *Daves v. Lawyers Sur. Corp.*, 459 S.W.2d 655, 657 (Tex.Civ.App.—Amarillo 1970, writ ref'd n.r.e). This doctrine, however, is inapplicable in the instant case. As noted, Matlock's pleadings indicate she knew that the nature of her causes of action occurred in January 1993. For similar reasons, Matlock's reliance upon the discovery rule is equally misplaced. The discovery rule tolls the statute of limitations for injuries that are inherently undiscoverable. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex.1990). Matlock admits, however, that her injuries were not unknown to her.

■ Simply stated, Matlock tries to invoke the tolling provisions of the discovery rule and the fraudulent concealment doctrine because she was unable to discover within the limitations period that Wheeldon and McCormick are the alter egos of ACM and Dallas Nightclub. While we recognize the difficulties litigants may encounter when trying to unravel a confusing web of corporate structures shielding a defendant, we are unaware of any legal doctrine which tolls limitations while the search continues for the "true" defendant. In the instant case, whether Wheeldon and McCormick are alter egos engaged in fraudulent transfers of corporate assets is a relevant issue only after Matlock proves her causes of action against AMC. That Matlock was unaware of the possibility of pursuing McCormick and Wheeldon, individually and as alter egos, does not prevent the running of the limitations period on her underlying causes of action since she knew of

her injuries and causes of action. Point of error number three is overruled.

The judgment of the trial court is affirmed.