**Mary L. LEAL, Appellant,**

v.

**THE CITY OF ROSENBERG,
Appellee.**

No. 07–00–0140–CV.

Court of Appeals of Texas,
Amarillo.

April 27, 2000.

·Frode Willumsen, Willumsen Law Firm, P.C., Houston, for appellant.

William S. Helfand, Magenheim Bateman & Helfand, P.L.L.C., Houston, for appellee.

Before QUINN, REAVIS, and JOHNSON, JJ.

BRIAN QUINN, Justice.

Pending before the Court is the motion of the City of Rosenberg (City) to dismiss this appeal for want of jurisdiction. Jurisdiction is allegedly non-existent because the motion for new trial filed by appellant Mary L. Leal (Leal) purportedly failed to extend the period within which to perfect her appeal. Furthermore, the motion for new trial allegedly failed to extend the period because it was filed in the wrong

cause or assigned the wrong cause number. We deny the motion.

According to the record, the summary judgment from which appeal was taken was originally entered in Cause No. 106,-787 styled *Mary L. Leal v. City of Rosenberg, Fort Bend Sheriff's Department, Fort Bend County and Officer Biehunko.* However, after the trial court entered summary judgment and "dismissed with prejudice" the claims against the City, the City moved to finalize the decree through severance. The trial court granted the motion, severed Leal's claims against the City (including the summary judgment) from the original proceeding, and assigned the new case Cause No. 106,787–A. And, though it is clear from her motion for new trial that Leal intended to attack the summary judgment which the court severed from the original cause, she nonetheless styled the motion with the original cause number and filed it in that cause.

■ In so filing the motion, the City argues that she failed to trigger the provisions of Texas Rule of Appellate Procedure 26.1(a) which extends the deadline within which to perfect an appeal. Furthermore, it cites *Philbrook v. Berry,* 683 S.W.2d 378 (Tex.1985) as support for the proposition that filing a motion for new trial in the wrong cause does not extend the appellate time tables. While *Philbrook* does support the City's contention, the Texas Supreme Court has all but expressly overruled the decision. Indeed, since *Philbrook,* that court has consistently admonished that appellate decisions should turn on "substance" instead of "technicality" and that so long as the appellant's efforts constituted a " 'bona fide' " attempt to invoke appellate jurisdiction we should construe them as successful. *Blankenship v. Robins,* 878 S.W.2d 138, 138–39 (Tex.1994); *City of San Antonio v. Rodriguez,* 828 S.W.2d

417, 418 (Tex.1992); *Mueller v. Saravia,* 826 S.W.2d 608, 609 (Tex.1992). Given this admonishment, courts now hold that filing a timely motion for new trial under the wrong cause number or in the wrong case evinces a bona fide attempt to invoke appellate jurisdiction when no one is confused about or mislead as to the judgment in question.[1] *City of San Antonio v. Rodriguez,* 828 S.W.2d at 418; *Matlock v. McCormick,* 948 S.W.2d 308, 310 (Tex. App.—San Antonio 1997, no pet.).

■ Here, Leal's motion for new trial indicated that she was attacking the summary judgment granted the City. Despite the fact that the motion was given the wrong cause number and filed in the wrong case, the City does not contend it was somehow confused about or mislead as to the judgment being attacked. Under these circumstances, we cannot but hold that her actions constitute a bona fide attempt to invoke our jurisdiction and that the motion effectively extended her deadline within which to perfect appeal to 90 days after the judgment was signed. Tex. R.App. P. 26.1(a)(1). And, because her notice of appeal was filed within that 90 day period, she successfully invoked our jurisdiction.

Accordingly, the City's motion to dismiss is denied.[2]

---

1. Of course, a timely notice of appeal must also be filed, and the other requirements prerequisite to invoking appellate jurisdiction must also be performed.

2. In denying the motion to dismiss, we also deny Leal's motion for an extension of time to respond to that motion. However, we grant her motion to extend the deadline within which to file her appellant's brief to May 21, 2000.