

**NUMBER 13-13-00668-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**STEVEN PATRICK JONES, ET AL.,**                                   **Appellants,**

**v.**

**LYDIA TUMMEL, ET AL.,**                                   **Appellees.**

---

**On appeal from the 332nd District Court
of Hidalgo County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Garza, Benavides, and Perkes
Memorandum Opinion Per Curiam**

Appellants, Steven Patrick Jones, John Patrick Acord, Ecoenergy Group, Inc., Integrity Financial Group, Inc., Intermodal Wealth, Inc., and Dean Springer, attempted to perfect an appeal following the rendition of an allegedly final judgment rendered on August 22, 2013 in trial court cause number C-0034-13-F.   On March 6, 2014, appellees Lydia Tummel and Harold Tummel, individually and as trustee of the Kurt Kenneth

Tummel Trust, filed a verified motion to dismiss this appeal on grounds that the trial court's August 22, 2013 order was not a final judgment because, inter alia, it did not dispose of appellees' pending claims against Dean Springer and Integrity Financial Group, Inc. *See* TEX. R. APP. P. 10.1(b), 10.3. Appellants filed a response to the motion to dismiss, and appellees filed a reply thereto. We grant in part and deny in part the motion to dismiss as stated herein.

## I. BACKGROUND

Appellees brought suit against appellants for fraud and other causes of action in connection with the appellants' sale of certain securities and related intermodal freight containers. The trial court entered a "Final Judgment" in favor of appellees against Steven Patrick Jones, John Patrick Acord, Ecoenergy Group, Inc. and Intermodal Wealth, Inc. based on their failure to appear and answer. The judgment awarded damages in excess of four million dollars and "severed the claims adjudicated herein" into cause number C-0034-13-F-1. The judgment recites that it is a "final appealable judgment, which disposes of all parties and all claims severed into Case No. C-0034-13-F-1" and further provides that "[a]s between Plaintiffs and said Defendants Steven Patrick Jones, John Patrick Acord, Ecoenergy Group, Inc. and Intermodal Wealth, Inc., all relief not expressly granted herein is denied."

## II. ANALYSIS

### A. DEAN SPRINGER AND INTEGRITY FINANCIAL GROUP, INC.

Appellees contend that the trial court's August 22, 2013 order in cause number C-0034-13-F was not a final judgment because it did not dispose of the claims against

2

Springer and Integrity. An appeal generally may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). With certain exceptions that are not applicable to this case, a judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record. *Id.* We determine whether a judgment is final by considering the judgment's language and the record in the case. *Id.* When, as here, there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal "unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and parties." *Id.* at 205. In such a case, the inclusion of a "Mother Hubbard clause," *i.e.*, one reciting that "all relief not granted is denied," does not indicate that a judgment rendered without a conventional trial on the merits is final. *Id.* at 203–04. An order does not dispose of all claims and all parties merely because it is entitled "final" or because the word "final" appears elsewhere in the order. *Id.* at 205.

The claims against Dean Springer and Integrity Financial Group, Inc., were not adjudicated and remain pending in the original cause number. Accordingly, we lack jurisdiction over the attempted appeal by Dean Springer and Integrity Financial Group, Inc.

### B. STEVEN PATRICK JONES, JOHN PATRICK ACORD, ECOENERGY GROUP, INC., AND INTERMODAL WEALTH, INC.,

Appellees further contend that the other appellants filed their motions for new trial and their notice of appeal in the original cause number rather than the severed cause, and thus their motions for new trial and notices of appeal are ineffective to vest this Court with jurisdiction. We disagree.

3

In *Philbrook v. Berry*, the Texas Supreme Court held that a motion for new trial which was filed in the wrong cause number "did not operate to extend the court's plenary power over its judgment beyond the thirty days." 683 S.W.2d 378, 379 (Tex. 1985). While the Texas Supreme Court has yet to explicitly overrule *Philbrook*, "the Texas Supreme Court has all but expressly overruled the decision." *Leal v. City of Rosenberg*, 17 S.W.3d 385, 386 (Tex. App.—Amarillo 2000, no pet.) (concluding that a motion for new trial filed in the wrong cause number extended the appellate deadlines); *see also Paselk v. Rabun*, 293 S.W.3d 600, 606 (Tex. App.—Texarkana 2009, pet. denied) (concluding that a motion for new trial extended the appellate deadlines despite being filed in the wrong cause number). In subsequent cases, the supreme court has distinguished or limited *Philbrook*'s holding. *See Blankenship v. Robins*, 878 S.W.2d 138, 138–39 (Tex. 1994) (distinguishing *Philbrook* on grounds that a motion for new trial in the wrong cause number is sufficient when both the parties and the court ignore the severance and there is a bona fide attempt to invoke appellate jurisdiction); *Tex. Instruments, Inc. v. Teletron Energy Mgmt., Inc.*, 877 S.W.2d 276, 278 (Tex. 1994) (questioning *Philbrook* and concluding that a statement of facts was filed timely even though the extension of the December 2 deadline was ordered in the wrong proceeding); *McRoberts v. Ryals*, 863 S.W.2d 450, 454–55 (Tex. 1993) (distinguishing *Philbrook* when severed cause was never assigned cause number because counsel "faced the impossible dilemma of having to timely file his motion for new trial under a nonexistent cause number"); *Rodriguez*, 828 S.W.2d at 418 (questioning *Philbrook* and determining that an incorrectly transcribed cause number does not deprive the court of appeals of jurisdiction

4

if it "is a bona fide attempt to invoke appellate jurisdiction").

We conclude that the appellants' motions for new trial, albeit filed under the main cause number instead of the severed cause number, extended the trial court's plenary power. *See Blankenship*, 878 S.W.2d at 138–39; *Paselk*, 293 S.W.3d at 606; *Leal*, 17 S.W.3d at 386. The motions for new trial were timely filed. There was no confusion between the parties or the trial court regarding the events at issue or the ruling subject to the motions for new trial. The motions for new trial specifically referenced the default judgment rendered on August 22, 2013. And finally, based on the record presented, the motions for new trial were bona fide attempts to invoke appellate jurisdiction. We note that appellees have not argued that they were misled or disadvantaged in any way by the fact that the motions for new trial were filed in the main cause number. *Cf. Rodriguez*, 828 S.W.2d at 418.

The default judgment was entered on August 22, 2013. The motions for new trial were timely filed. The notice of appeal was filed on November 19, 2013, within the period specified by the appellate rules. *See* TEX. R. APP. P. 26.1(a). As such, the notice of appeal was timely filed.

We next address appellees' contention that the notice of appeal was filed in the original cause number rather than the severed cause number. The court of appeals has jurisdiction over any appeal where the appellant files an instrument that was filed in a bona fide attempt to invoke appellate court jurisdiction. *In re J.M.*, 396 S.W.3d 528, 531 (Tex. 2013) (per curiam) ("A party complies with Rule 25.1 by making a bona fide attempt to invoke appellate jurisdiction."); *Sweed v. Nye*, 323 S.W.3d 873, 875 (Tex. 2010) (per

curiam) ("[T]his Court has consistently held that a timely filed document, even if defective, invokes the court of appeals' jurisdiction."); *In re K.A.F.*, 160 S.W.3d 923, 927–28 (Tex. 2005) ("[A] court of appeals has jurisdiction over an appeal if the appellant timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction."); *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) ("The court of appeals . . . has jurisdiction over the appeal if a party files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction."). This principle reflects the policy embodied in the appellate rules that disfavors disposing of appeals based upon harmless procedural defects, and thus we construe the rules reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule. *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997); *see Maxfield v. Terry*, 888 S.W.2d 809, 811 (Tex. 1994) (holding that the rules should be interpreted liberally to give appellate courts the opportunity to reach the merits of an appeal whenever possible). Thus, we consider whether an instrument was filed in a bona fide attempt to invoke appellate jurisdiction, rather than the form or the substance of the perfecting instrument, in determining whether an appellate court has obtained jurisdiction over an appeal. *See Warwick Towers Council of Co-Owners ex. rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (citing *Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578, 581 (Tex. 1989)); *see, e.g., CMH Homes v. Perez*, 340 S.W.3d 444, 452–53 (Tex. 2011) (appellant invoked appellate jurisdiction by specifically requesting that its appeal be treated as a mandamus petition).

In the instant case, based on the record presented, the fact that the notice of

6

appeal was filed in the main cause number rather than the severed cause number was a harmless procedural defect, and the notice of appeal was thus a bona fide attempt to invoke appellate jurisdiction. *See Warwick Towers Council of Co-Owners ex. rel. St. Paul Fire & Marine Ins. Co.*, 244 S.W.3d at 839. Accordingly, we have jurisdiction over the appeal filed by appellants, Steven Patrick Jones, John Patrick Acord, Ecoenergy Group, Inc., and Intermodal Wealth, Inc.

### III. CONCLUSION

The Court, having examined and fully considered the motion to dismiss, the response, the reply, and the documents on file, is of the opinion that we lack jurisdiction over the appeal filed by Dean Springer and Integrity Financial Group, Inc., because those claims were not adjudicated and remain pending in the original cause number. Thus, appellees' motion to dismiss is GRANTED IN PART and DENIED IN PART. We DISMISS the appeal filed by Dean Springer and Integrity Financial Group, Inc. for want of jurisdiction. *See* TEX. R. APP. P. 42.1(a),(b).[1]

We have jurisdiction over the appeal filed by the remaining appellants, Steven Patrick Jones, John Patrick Acord, Ecoenergy Group, Inc., and Intermodal Wealth, Inc. That appeal is ordered SEVERED and will be docketed in this Court under cause number 13-14-00349-CV, and will proceed in due course. Appellants' brief in that cause will be due thirty days from the date of this order, and appellees' brief will be due thirty days thereafter. Appellants' motions pertaining to the preparation of the record and an

---

[1] On June 4, 2014, Dean L. Springer, Sr. filed a notice of bankruptcy filing in this appeal. We need not act on the suggestion of bankruptcy filed by Dean Springer because he is not a party to the judgment rendered below and the claims against him remain remain in the trial court.

extension of time to file their brief are DISMISSED AS MOOT.

We GRANT the motion to withdraw filed by Joe Alfred Izen, Jr., attorney for appellants. Pursuant to Rule 6.5(c) of the Texas Rules of Appellate Procedure, counsel is directed to notify appellants, in writing, of any previously undisclosed deadlines and file a copy of that notice with the Clerk of this Court. Appellants are directed to notify the Court promptly if they retain new counsel on appeal by filing a notice including the attorney's name, mailing address, telephone number, facsimile number, email address, and State Bar of Texas identification number. *See generally* TEX. R. APP. P. 6. In the interim, the Court expects this appeal to proceed as per the appellate rules. Appellants are expected to comply with all applicable deadlines and filings should comply with the Texas Rules of Appellate Procedure.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
26th day of June, 2014.

8