# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00534-CV

**Dan Levin, Appellant**

**v.**

**Eduardo S. Espinosa, in his Capacity as Receiver of Retirement Value, LLC, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-GN-14-001587, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

The Court's opinion is consistent with the principle that intermediate courts of appeals are bound to follow the opinions of the supreme court in civil cases and that only the supreme court can overrule its own decisions. *Lubbock Cnty. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002). Although the supreme court has openly called its *Philbrook*[1] opinion into question in later cases, *see, e.g.*, *Blankenship v. Robins*, 878 S.W.2d 138, 138 (Tex. 1994); *McRoberts v. Ryals*, 863 S.W.2d 450, 451 (Tex. 1993); *City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992); *Mueller v. Saravia*, 826 S.W.2d 608, 609 (Tex. 1992), it has never expressly overruled it. And, because *Philbrook* applies directly to the facts before this Court, we are bound to, and will, follow it.

The fact remains, however, that courts of appeals in Texas have demonstrated confusion about the continued viability of *Philbrook* and what constitutes a "bona fide attempt to

---

[1] *Philbrook v. Berry*, 683 S.W.2d 378 (Tex. 1985).

invoke appellate jurisdiction." *See, e.g.*, *P & A Real Estate, Inc., v. American Bank of Tex.*, 323 S.W.3d 618, 619 (Tex. App.—Dallas 2010, no pet.); *Paselk v. Rabun*, 293 S.W.3d 600, 607 (Tex. App.—Texarkana 2009, pet. denied); *Hernandez v. Koch Mach. Co.*, 16 S.W.3d 48, 56 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); *Matlock v. McCormick*, 948 S.W.2d 308, 310 (Tex. App.—San Antonio 1997, no writ); *Hall v. Stephenson*, 919 S.W.2d 454, 463-64 (Tex. App.—Fort Worth 1996, writ denied). Indeed, in a per curiam order issued within the last six months, this Court concluded that filing a motion for new trial in the wrong cause number was a bona fide attempt to invoke appellate jurisdiction, the exact opposite of what the Court has held in the present case. *Blizzard v. Select Portfolio Servicing*, No. 03-13-00716-CV, 2014 WL 2094324, at *1 (Tex. App.—Austin May 13, 2014, order) (citing *Blankenship*, 878 S.W.2d at 139).

Given the supreme court's trend toward putting substance over procedure when reviewing attempts to invoke appellate jurisdiction, some courts of appeals believe that the supreme court has effectively overruled *Philbrook*, *see, e.g.*, *Leal v. City of Rosenberg*, 17 S.W.3d 385, 386 (Tex. App.—Amarillo 2000, no pet.) (noting that "the Texas Supreme Court has all but expressly overruled the [*Philbrook*] decision").[2] Nevertheless, as the majority points out, the supreme court recently clarified that a motion for new trial may not be considered a "bona fide attempt to invoke

---

[2] This trend has some of its earliest beginnings in a post-*Philbrook* case from the supreme court. *Texas Instruments, Inc. v. Teletron Energy Mgmt., Inc.*, 877 S.W.2d 276, 278 (Tex. 1994) (explaining that since *Philbrook*, the supreme court had "questioned whether *Philbrook* was correctly decided" and had "reiterated that 'decisions of the courts of appeals [should] turn on substance rather than procedural technicality'" and citing *City of San Antonio v. Rodriguez*, 828 S.W.2d 417 (Tex. 1992)). This trend is also present in criminal appeals. *See Few v. State*, 230 S.W.3d 184, 188-90 (Tex. Crim. App. 2007) (questioning *Philbrook's* viability and noting that "[a] person's right to appeal a civil or criminal judgment should not depend upon tracking through a trail of technicalities" in concluding that notice of appeal filed in wrong cause number did not require dismissal of appeal).

the appellate court's jurisdiction." *In re K.A.F.*, 160 S.W.3d 923, 928 (Tex. 2005). This conclusion is consistent with *Philbrook.* As a result, *Philbrook* appears to govern most, if not all, cases concerning extension of the notice-of-appeal deadline when a motion for new trial is filed using an incorrect cause number.

Although application of *Philbrook* seems directly contrary to the preference for "substance over procedure," which I believe should apply here, until the supreme court expressly overrules *Philbrook*, we are bound to follow it. Because the Court does so here, I concur in the Court's opinion and judgment, but I write separately to ask the supreme court to clarify its position on the ongoing viability of *Philbrook* so that courts of appeals can act uniformly when reviewing mistaken but apparent attempts by would-be appellants to extend appellate timetables or to otherwise invoke appellate jurisdiction.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field
  Justice Pemberton joins

Filed:   February 13, 2015