ACCEPTED
04-15-00342-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/25/2015 3:40:18 PM
KEITH HOTTLE
CLERK

No. 04-15-00342-CV

IN THE COURT OF APPEALS
FOURTH JUDICIAL DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
9/25/2015 3:40:18 PM
KEITH E. HOTTLE
Clerk

VILLA DIJON CONDOMINIUM ASSOCIATION, INC. AND
IMPLICITY MANAGEMENT COMPANY

Appellants

v.

MARY WINTERS AND MILA CHEATOM

Appellees

APPELLANTS' RESPONSE TO THE COURT'S SEPTEMBER 15, 2015
ORDER TO SHOW CAUSE

TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:

Appellants, Villa Dijon Condominium Association, Inc. (hereafter "Villa Dijon") and Implicity Management Company (hereafter "Implicity"), file this response to the Court's September 10, 2015 order that Appellants show cause in writing as to why this appeal should not be dismissed for want of jurisdiction. In support of this response, Appellants will show this honorable court as follows:

Introduction

As the Court correctly noted in its order to show cause, "absent a timely filed motion that would extend the deadlines to file a notice of appeal, Appellants' notice

1

of appeal in cause number 2015CI03926 was due on April 8, 2015." In this case, however, Appellants timely filed a motion for new trial and made a bona fide attempt to invoke appellate jurisdiction on April 6, 2015, thereby extending the deadline for the notice of appeal under Texas Rule of Appellate Procedure 26.1 to June 7, 2015. Due to this extension, Appellants' notice of appeal was timely filed on June 3, 2015 and as such, this Court has jurisdiction over this appeal. As a result, this appeal should not be dismissed for want of jurisdiction.

### Factual Background

On March 9, 2015, the trial court granted Plaintiffs a default judgment against Villa Dijon and Implicity, who were two of five Defendants in cause number 2015-CI-00148. *(CR 10)* The trial court then severed the defaulted judgment against Villa Dijon and Implicity into a new cause number, 2015-CI-03926. *(CR 14-15)*

On April 6, 2015, Appellants/Defendants timely filed a motion to set aside default judgment and for a new trial containing both the original and severed cause numbers in the motion's caption and set it for hearing on April 10, 2015. *(CR 38, 2 RR 1)* Appellees/Plaintiffs received notice of this motion and responded. *(CR 56)* On April 10, 2015, the trial court held the hearing on the motion to set aside the default judgment and for a new trial at which counsel for the parties appeared and argued the merits of the motion. *(2 RR 9-28)* At the hearing, the trial court granted the motion to set aside the default judgment and for a new trial. *(2 RR 28)*

On April 10, 2015 after the hearing, Defendants' counsel sent Plaintiffs' counsel a proposed order. Instead of approving the order, Plaintiffs/Appellees filed a motion for rehearing and motion to deny entry of order granting new trial in the severed cause on April 13, 2015. *(CR 63)* In this motion for rehearing, Appellees alleged for the first time that the trial court did not have jurisdiction to set aside the default judgment because the motion for new trial was not filed in the severed cause without any further explanation or supporting documentation even though the parties had a file marked copy of the motion to set aside default judgment and for a new trial bearing both the original and severed cause numbers. *(CR 38, 63)* While Appellees filed their motion for rehearing three days after the hearing on the motion for new trial on April 10, Appellees did not set this motion for rehearing until April 30, 2015. *(CR 66)* This date was more than two weeks after the motion was filed and a week after Appellants' deadline to file a motion for extension of time to file a notice of appeal had the notice of appeal been due on April 8, 2015 (30 days after the default judgments).

Villa Dijon and Implicity responded to the motion for rehearing and contended that among various grounds, the failure to file the motion for new trial in the severed cause was a result of a mistake of the district clerk, which the trial court could correct under the Texas Rules of Civil Procedure. *(CR 146, 149)* In two days of hearings on April 30 and May 1, 2015, the trial court did not correct this mistake and believed it did not have jurisdiction over the severed cause at the time of the hearing

3

on the motion to set aside default judgment and for a new trial on April 10. *(3 RR, 4 RR 15)* The trial court then orally vacated its previous ruling on the motion to set aside the default judgment and for a new trial. *(4 RR 17)* The trial court also believed that it did not have any jurisdiction to even sign an order *(4 RR 15)*, but mentioned that it believed that the appellate court would have jurisdiction. *(4 RR 15)*

Appellants then filed their notice of appeal on June 3, 2015 *(CR 151)*, 85 days after the default judgments, but within the ninety days provided by Rule 26.1 of the Texas Rules of Appellate Procedure.

## Arguments and Authorities

It is undisputed that under Rule 26.1 of the Texas Rules of Appellate Procedure, a timely filed motion for new trial extends the deadline to file a notice of appeal. *See* TEX. R. APP. P. 26.1. Numerous courts have also held that filing a motion for new trial or notice of appeal in the wrong cause number after a case has been severed will invoke the court's appellate jurisdiction. *City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992)(An incorrect cause number does not defeat jurisdiction if the instrument is a bona fide attempt to invoke jurisdiction.); *Blankenship v. Robins*, 878 S.W.2d 138, 139 (Tex. 1994); *Hernandez v. Koch Machinery Co.*, 16 S.W.3d 48, 56 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); *Texas G & S Investment, Inc. v. Constellation Newenergy, Inc.*, 459 S.W.3d 252, 257, 2015 WL 10207381, (Tex. App.—Houston [14th Dist.] March 5, 2015; *Leal v. City of Rosenberg*, 17 S.W.3d 385, 386 (Tex. App.—Amarillo 2000, order)(holding that timely motion for new trial filed under

4

original cause number extended time to file notice of appeal in severed cause.) These cases are all consistent with the more modern approach of deciding cases on the merits, rather than technical or procedural glitches.

In this case, it is undisputed that on April 6, 2015 (28 days after the default judgments), Appellants filed a motion to set aside default judgment and for a new trial that contained both the original case number and the severed cause number in the motion's caption on April 6, 2015. *(CR 38)* Appellees now contend that because the motion was not technically filed in the severed cause, the motion for new trial should be ignored both substantively and procedurally, even though they were not harmed. Appellees clearly had notice of the motion, responded to the motion, appeared at the hearing on the motion, and argued the motion on the merits. *(CR 56, 2 RR 9-28)*

Appellants contend that their motion to set aside default judgment and for a new trial was or should have been deemed properly filed. The file-stamped copy of the motion contains the cause numbers for both the original and severed cases. *(CR 38)* Rule 21(f)(11) of the Texas Rules of Civil Procedure prevents a clerk from refusing to file a document. If the document fails to conform to Rule 21, the clerk must identify the error to be corrected and provide a deadline for submitting the conforming document. In this case, the clerk filed the document containing both cause numbers and never sent Defendants any notice that the dual cause numbers did not conform to the rules or that the document was not filed in both cases. Due to the

potential for computer glitches with electronic filing, Rule 21(f)(6) of the Texas Rules of Civil Procedure specifically provides:

> Technical failure. If a document is untimely due to a technical failure or system outage, the filing party may seek appropriate relief from the court. If the missed deadline is one imposed by these rules, the filing party must be given a reasonable extension of time to complete the filing. (TEX. R. CIV. P. 21(f)(6))

In its response to the motion for rehearing and at the second day of hearings on Appellees' motion for rehearing, Appellants sought relief under these rules from the trial court. *(CR 149, 4 RR 12-13)* Both the affidavit and the testimony of Ofelia Lisa Hernandez (Appellants' counsel's secretary) demonstrate that she attempted to electronically file the motion in both the severed and original cause numbers, but she was prevented from electronically completing the task by the electronic filing system. *(CR 147, 3 RR 18-19) (The affidavit of Ms. Hernandez will be supplied in a supplemental clerk's record since the district clerk did not include the exhibits to Defendants' response to Plaintiffs' motion for rehearing.)* During a telephone conversation with the district clerk's office, Ms. Hernandez asked the district clerk to file the motion in the severed case since she was having difficulty doing so on the e-filing system since the case had been closed. The district clerk, who had the document on her screen since it had been filed in the original cause number, told Ms. Hernandez that she would file it in the severed cause and thereafter sent Ms Hernandez a file marked copy. *(CR 38, 147, 3 RR 20-21)* The district clerk, however, failed to file the motion in the severed case. Despite this evidence and the directives of Rule 21, the trial court erroneously refused to give

Appellants the mandatory extension to complete the filing of the motion to set aside default judgment and for a new trial in the severed cause.

At the very least, Appellants made a bona fide attempt to invoke appellate court jurisdiction so this appeal should not be dismissed. In *Philbrook v. Berry*, 683 S.W.2d 378 (Tex. 1985), the Texas Supreme Court previously held that a motion for new trial filed in the wrong cause does not extend the appellate time tables. However, "the Texas Supreme Court has all but expressly overruled the decision" and that opinion has been "distinguished, explained, and questioned on several occasions" *Leal*, 17 S.W.3d at 386; *Hernandez*, 16 S.W.3d at 56.

"Since *Philbrook*, that Court has consistently admonished that appellate decisions should turn on 'substance' instead of 'technicality' and that so long as the appellant's efforts constituted a 'bona fide' attempt to invoke appellate jurisdiction [Courts] should construe them as successful." *Leal*, 17 S.W.3d at 386 (citing *Blankenship v. Robbins*, 878 S.W.2d 138. 138-139 (Tex. 1994); *City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992); *Mueller v. Saravia*, 826 S.W.2d 608, 609 (Tex. 1992)). "Given this admonishment, courts now hold that filing a timely motion for new trial under the wrong cause number or in the wrong case evinces a bona fide attempt to invoke appellate jurisdiction when no one is confused about or mislead as to the judgment in question." *Leal*, 17 S.W.3d at 386 (citing *Rodriguez*, 828 S.W.2d at 418; *Matlock v. McCormick*, 948 S.W.2d 308, 310 (Tex.App.—San Antonio 1997, no pet.)).

Here, Appellees have not contended that they were confused about, mislead, or somehow harmed by the filing of Appellants' motion to set aside default judgment and for new trial. They cannot as they responded to the motion, appeared at the hearing, and argued the motion for new trial on the merits. *(CR 56, 2 RR 9-28)* They are merely trying to take advantage, yet again, of a technical error.[1]

In a similar case, this Court echoed *Leal*'s analysis of the *Philbrook* decision in *Matlock v. McCormick*, holding:

> Since deciding the *Philbrook* decision, the Supreme Court has questioned the soundness of its holding, and has reminded appellate courts that decisions should turn on substance rather than procedural technicality. The Supreme Court has also determined that an appellate court has jurisdiction over an appeal when the appellant files an instrument that is "a bona fide attempt to invoke appellate court jurisdiction." If there is no suggestion of confusion regarding which judgment the appellant appeals, the misnumbering should not defeat the appellate court's jurisdiction.

*Matlock,* 948 S.W.2d at 310 (internal citations omitted). In *Matlock,* like this case, the motion for new trial was filed under the original cause number rather than under the severed cause number and the appellee argued that the "misnumbering" of the

---

[1] Appellants find it convenient that Appellees filed their motion for rehearing almost immediately after the hearing on the motion for new trial contending that the trial court did not have jurisdiction, but did not set their motion for rehearing for a hearing until weeks after it was filed. This delay conveniently set the hearing after Appellants' deadline to file a motion for extension of time to file a notice of appeal had it been due 30 days after the default judgment. Was this done in an attempt to deprive this Court of jurisdiction? Any such gamesmanship is not within the spirit of the Supreme Court's admonishment and should not be rewarded. Appellees should also not be rewarded for their failure to bring to this court's attention the case law that was contrary to the position they took in their motion to dismiss for want of jurisdiction in this Court. Appellees were well aware of some of this case law since it was contained in Appellants' response to Appellees' motion for rehearing in the trial court *(See CR 148),* but have seemingly ignored it. They certainly did not try to distinguish it.

motion for new trial failed to invoke this Court's appellate jurisdiction. *Id.* This Court found, however, that the motion for new trial referred only to the summary judgment in that case, that the "misnumbering" caused no confusion, and that the appellant timely perfected his appeal. *Id.*

Here, there is no confusion since the motion to set aside default judgment and for new trial included both cause numbers on its face. Appellees were able to respond, appear, and argue on the merits of the motion. *(CR 56, 2 RR 9-28)* Like in *Matlock*, this Court should find that Appellants timely perfected this appeal and should not dismiss for want of jurisdiction.

WHEREFORE, PREMISES CONSIDERED, Appellants request that the court hold that Appellants timely perfected their appeal, deny Appellees' motion to dismiss, and award Appellants such other relief as may be proper.

Respectfully submitted,

*Loree & Lipscomb*
The Terrance at Concord Park
777 E. Sonterra Blvd., Suite 320
San Antonio, Texas 78258
Telephone: (210) 404-1320
Facsimile:  (210) 404-1310

By: _____
Robert W. Loree
State Bar No. 12579200
Email: rob@lhllawfirm.com

Attorney for Appellants

## CERTIFICATE OF SERVICE

I hereby certified that on September 25, 2015, Appellants served a true and correct copy of this response on counsel for Appellees, Jacob S. Leibowitz, 700 North St. Mary's Street, Suite 1750, San Antonio, Texas, by facsimile transmission to (210) 225-2567.

Robert W. Loree