

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00291-CV

IN THE INTEREST OF B.B.J.

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2013-508,395, Honorable Jim Bob Darnell, Presiding

April 15, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Despite its rather tortured procedural pathway to this court, we attempt to simplify the circumstances of this appeal. It begins with an entity known as Adoption Covenant petitioning to terminate the parental rights of M.J. (mother) to her son, B.B.J. Apparently, M.J. voluntarily relinquished her rights to the child. That led to her parental rights being terminated and Adoption Covenant being appointed the child's managing conservator in cause number 2013-506,729 (729). But, J.E. (father) did not go quietly into the night once Adoption Covenant petitioned to terminate his parental rights via cause number 2013-507,082. Instead, he answered that petition and sought to modify the managing conservatorship order by requesting that he be designated the sole

managing conservator of B.B.J. The trial court granted him the relief he sought, and his parental rights were not terminated. Upon discovering this, M.J. apparently had a change of heart and wanted to be a mother again. Consequently, she filed a bill of review to avoid the previously issued termination order. That, in turn, led Adoption Covenant to file its own bill of review. The two bills were assigned cause number 2013-508,395 (395), and both alluded to J.E as the managing conservator of B.B.J. Yet, neither party served him with their respective pleadings, though Adoption Covenant represented that he had intervened and filed an answer. Thereafter, Adoption Covenant and M.J. unilaterally tendered to the trial court an agreed order vitiating the prior termination order and restoring M.J.'s parental rights. There is no record of a hearing on the matter. Nor is there evidence that J.E. was notified of either the order or the proceeding, if any, that culminated in the order's execution, despite his purported status as an intervenor. This lack of notice was brought to the trial court's attention via a motion for new trial filed not in cause number 395 (the bill of review proceeding) but rather in number (729) (the termination proceeding). Moreover, the trial court granted it after "find[ing] that [J.E.] was entitled to notice and an opportunity to respond to the matters contained in the Bill of Review . . . [and] [b]ecause [J.E.] was deprived of an opportunity to respond and participate. . . ."[1]

About a year later, on April 24, 2015, the trial court signed another decree purporting to end the bill of review controversy. Filed in cause number 395, the order recognized and accepted Adoption Covenant's nonsuit of the termination case it filed

---

[1] The judgment referred to in the order granting a new trial was said to have been signed on March 18, 2014. However, that language came from the motion for new trial which also assigned the judgment a signature date of March 18, 2014. Needless to say, the attorney who drafted the motion was wrong. The judgment memorializing the decision to grant the bill of review was signed on February 18, 2014. Sometimes a bit of care goes a long way in avoiding confusion.

against M.J. It also granted a motion M.J. had filed to dismiss J.E. from the bill of review proceeding due to his purported lack of standing. According to the trial court, its April 24th edict "finally disposes of all parties and claims and is appealable." So, J.E. appealed and asserts various issues before us. We dismiss the appeal for lack of jurisdiction.[2]

An order granting a new trial has a specific effect. It vacates the previously entered judgment "and returns the case to the trial court as if no previous trial had been conducted." *In the Interest of S.C.S.*, No. 07-11-00299-CV, 2011 Tex. App. LEXIS 8803 (Tex. App.—Amarillo, November 3, 2011, no pet.) (mem. op.) Even though the order granting a new trial here was assigned the wrong cause number, we are controlled by its substance, not its procedural technicality. *San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992) (involving a notice of appeal filed in the proper court and carrying the correct style but displaying the wrong cause number and holding that it was sufficient to perfect appeal and avoid dismissal); *see Leal v. City of Rosenberg*, 17 S.W.3d 385, 386 (Tex. App.—Amarillo 2000, no pet) (involving a motion for new trial filed in the wrong cause and holding that it was still effective to extend the period within which to perfect an appeal); *cf. Philbrook v. Berry*, 683 S.W.2d 378, 379 (Tex. 1985)

---

[2] By prior order issued on February 11, 2016, we abated and remanded the dispute to the trial court to determine if a final order had been entered. The trial court was directed to address the matters mentioned in the abatement order by March 11, 2016. That deadline was extended to April 1, 2016 at the request of M.J. Within that period, J.E. filed a document with the trial court entitled "RESPONDENT, JOSHUA EPPS', RESPONSES AND OBJECTIONS TO PROPOSED SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW." The proposed findings alluded to were allegedly tendered to the trial court by M.J. and indicate that the judgment in cause number 395 is final. We have no record of them or any other findings being executed by the trial court, however. Furthermore, J.E. argued in his "Response[] and Objections to Proposed Findings. . ." that we had jurisdiction over the appeal. Despite that document having been served on her, M.J. did not reply to it. Nor have we received anything from her or the trial court addressing whether we have jurisdiction to entertain the appeal, despite the lapse of the April 1st deadline. Consequently, we vacate our prior order of abatement and reinstate the cause on our docket. The record before us permits us to determine our jurisdiction over the cause.

3

(stating that "the motion for new trial must be filed in the same cause as the judgment the motion assails.")[3]  And, it is clear from the substance of that order that the trial court intended to vacate the agreed judgment granting the bill of review.  *See Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404-405 (Tex. 1971) (stating that "[t]he same rules of interpretation apply in construing the meaning of a court order or judgment as in ascertaining the meaning of other written instruments"); *see also, Gutierrez v. Zurich Am. Ins. Co.*, No. 07-07-0055-CV, 2007 Tex. App. LEXIS 3380, at *3 (Tex. App.—Amarillo May 2, 2007, no pet.) (mem. op.) (stating that the "same rules of interpretation apply in construing the meaning of a court order or judgment as in ascertaining the meaning of other written instruments" and the "entire contents of the instrument and record should be considered, and the instrument is to be read as a whole.")

So, what we have here is a bill of review that remains pending in the trial court. That is, granting the new trial returned the bill of review to the trial court's docket with the status of an unadjudicated suit.  Furthermore, nothing in the April 24, 2015 decree dismissing J.E.'s claims for lack of standing actually adjudicates whether the previously rendered termination order should be avoided by sustaining the bill of review.  Rather, the April 2015 missive refers to 1) Adoption Covenant and M.J. deciding to non-suit J.E. from their respective bills of review and 2) Adoption Covenant deciding to non-suit its attempt to terminate M.J.'s parental rights.  But, again, there is nothing to non-suit

---

[3] In *Leal v. City of Rosenberg*, 17 S.W.3d 385 (Tex. App.—Amarillo 2000, no pet.), we noted that "the Texas Supreme Court has all but expressly overruled the decision" in *Philbrook*.  *Id.* at 386. Furthermore, since the Supreme Court issued that opinion, it "has consistently admonished that appellate decisions should turn on 'substance' instead of [procedural] 'technicality' . . . ."  *Id.*  Indeed, compliance with procedural technicality here is somewhat confusing since there were actually four independent suits filed relating to B.B.J., conservatorship over him, and the termination of the parental rights of his biological parents.  They have since been consolidated into one umbrella suit having cause number 729, and the motion for new trial and order granting same were filed in 729.

because the claims in the underlying termination suit remain adjudicated by and merged into the order of termination until that order is vacated in some manner.[4]

Without a final order, we have no jurisdiction over the appeal before us. Thus, we have no choice but to dismiss the appeal. However, because another issue will most likely arise in the trial court we address it here. *See Newspapers, Inc. v. Love* 397 S.W.2d 469, 471 (Tex. Civ. App.—Austin 1965, writ ref'd n.r.e.) (noting that when an appellate court reverses the judgment of the trial court and remands the cause for further proceedings and in its opinion it states the rules and principles of law which are to be applied to the questions likely to arise upon retrial, these statements are not to be regarded as dicta even if not necessary to the disposition of the appeal). It pertains to the standing of J.E. to participate in the prosecution of the bill of review.

The concept of standing focuses on whether a party has a sufficient relationship to the lawsuit to have a justiciable interest in its outcome. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). And, unless standing is conferred on the person by statute, he must possess an interest in a conflict distinct from that of the general public such that his opponent's actions cause him some particular injury. *Sneed v. Webre*, 465 S.W.3d 169, 180 (Tex. 2015) (stating that unless standing is conferred by statute, the plaintiff must demonstrate that he or she possesses an interest in a conflict distinct from that of the general public, such that the defendant's actions have caused the plaintiff some particular injury). Normally, this requires a "real

---

[4] Logic compels that until the order of termination is vacated, it remains effective. *See Voskamp v. Arnoldy*, 749 S.W.2d 113, 125 (Tex. App.—Houston [1st Dist.] 1988, writ denied) (stating that a "prior judgment, valid on its face, must be given conclusive effect until it is set aside by a bill of review proceeding.") Sustaining the bill of review would have the effect of avoiding the termination order. But, if the bill has yet to be sustained due to the trial court's decision to order a new trial, then the termination order has yet to be vitiated.

controversy" between the parties which will be adjudicated by the judicial declaration sought. *Id.*

To suggest that the sole remaining parent who happens to be the sole managing conservator of a child has no standing to contest the reinstatement of the parental rights of a biological parent strains credulity. This seems especially so when the child in question is afforded no representation, via an *ad litem* or otherwise, in the very same proceeding. Indeed, our Supreme Court has acknowledged that the right of a parent to maintain custody of and raise his child is more precious than a property right; it "is paramount." *In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003). Being the only legally recognized parent of B.B.J, J.E. is the only parent with a legally cognizable liberty interest in raising and possessing the child. Reinstatement of M.J. as a parent would *ipso facto* vest her with the same liberty interest and thereby diminish J.E.'s.[5] At that point, M.J. would also have the authority to initiate a suit affecting the conservatorship of the child. *See* TEX. FAM. CODE ANN. § 102.003(a) (West Supp. 2015) (stating that an original suit affecting the parent-child relationship may be filed at any time by a parent of the child); *Id.* § 156.002(b) (stating that a person who has standing to sue under § 102 of the Family Code may file a suit for modification in the court with continuing, exclusive jurisdiction). That ability does not exist if her parental rights remained terminated. *See e.g. In re H.R.S.*, 04-15-00051-CV, 2015 Tex. App. LEXIS 5813, at *2-3 (Tex. App.— San Antonio, June 10, 2015, no pet.) (holding that a parent whose parental rights had been terminated has no standing to contest the decision to appoint the Texas Department of Family and Protective Services as managing conservator); *In re Epps*,

---

[5] If the liberty interest involved were likened to a pie, the whole pie would be that of J.E. Furthermore, the whole pie would no longer be his if M.J. was returned to the status of a legally recognized parent.

6

No. 07-14-00344-CV, 2014 Tex. App. LEXIS 11317 (Tex. App.—Amarillo October 14, 2014, orig. proceeding) (rejecting the claim that M.J. had no standing to seek the modification of conservatorship because her rights had been terminated because when the trial court initially granted the bill of review her status as a parent was reinstated). Moreover, our own opinion in *In re Epps* illustrates that the likelihood of her attempting to diminish J.E's custody and control over M.J. is not speculative. She did just that once the order terminating her parental rights was initially rescinded via her bill of review.

Simply put, J.E. had and has an interest in the reinstatement of M.J.'s parental rights that are distinct from that of the general public. Furthermore, reinstatement of those rights directly impacts upon his own liberty interest in the custody and rearing of B.B.J. *See In re J.C.*, 96 S.W.3d 256, 273 (Tex. 2002) (characterizing the right of parents as a "fundamental liberty interest"). Should the bill of review be granted and the prior order terminating M.J.'s parental right be avoided, then she automatically returns to the status of a parent with the rights of a parent until those rights are again terminated. The impact of such a judicial act upon the parental rights of J.E. cannot be denied. Consequently, J.E. has standing to contest the reinstatement of those rights.

We dismiss the appeal for want of jurisdiction and remand the cause to the trial court for further proceedings.[6]

Brian Quinn
Chief Justice

---

[6] *See Hickman-Bey v. Tex. Dep't of Crim. Justice*, 07-12-00490-CV, 2014 Tex. App. LEXIS 4028, at *4-5, n.6 (Tex. App.—Amarillo, April 11, 2014, no pet.) (mem. op.) (stating that an interlocutory order from a bill of review is not appealable and that in a bill of review proceeding, "the final judgment should either deny the petitioner any relief, or grant the bill of review, set aside the former judgment, to the extent attacked, and substitute a new judgment which properly adjudicates the controversy. [citation omitted] If the trial court grants a bill of review and sets aside a judgment in a prior case, the subsequent trial on the merits of the prior case occurs in the same proceeding as the trial on the bill of review.")