

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00283-CV
_____

EDWARD JAMES MITSCHKE, JR., INDIVIDUALLY AND AS REPRESENTATIVE
OF THE ESTATE OF CODY MITSCHKE, DECEASED, APPELLANT

V.

MARIDA FAVIA DEL CORE BORROMEO
AND BLACKJACK RANCH L.E.E, LLC, APPELLEES

On Appeal from the 335th District Court
Lee County, Texas
Trial Court No. 17,366, Honorable Carson Campbell, Presiding

February 3, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Edward James Mitschke, Jr., individually and as representative of the estate of Cody Mitschke, deceased, appeals from the trial court's *Order Granting the Motions for Summary Judgment of Defendants Borromeo and Blackjack Ranch L.E.E., LLC.* Because Mitschke's notice of appeal was filed untimely, we dismiss the appeal for want of jurisdiction.

Background

Mitschke sued multiple defendants for wrongful death and survival claims following the death of his son from an all-terrain vehicle accident. The trial court granted a take-nothing summary judgment in favor of two defendants, Marida Favia Del Core Borromeo and Blackjack Ranch L.E.E., LLC, and, on June 30, 2020, severed the claims against those defendants into a separate cause. The severance order provided that the order granting summary judgment was final and appealable. On July 20, 2020, Mitschke filed a motion for new trial in the original cause assailing the summary judgment order. However, he did not file any post-judgment motions in the severed cause (i.e., involving the claims against Borromeo and Blackjack Ranch). On September 25, 2020, Mitschke filed notices of appeal in both the original and in the severed causes. The appeals were transferred from the Third Court of Appeals to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.[1] *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

Analysis

To determine whether Mitschke's notice of appeal was timely filed, we must decide whether his motion for new trial filed in the original cause was sufficient to extend the appellate deadlines in the severed cause. The *Order Granting the Motions for Summary Judgment of Defendants Borromeo and Blackjack Ranch L.E.E., LLC* became final for purposes of appeal on the date the trial court signed the severance order, June 30, 2020. *See Park Place Hosp. v. Estate of Milo,* 909 S.W.2d 508, 510 (Tex. 1995). Mitschke's

---

[1] The appeal filed in the original cause is docketed as appellate cause 07-20-00282-CV.

notice of appeal was, therefore, due within thirty days after the severance order was signed, by July 30, 2020, or within ninety days, by September 28, 2020, if a timely motion for new trial or motion to modify the judgment was filed. *See* TEX. R. APP. P. 26.1.

Because this is a transferred appeal, our analysis must begin with Rule of Appellate Procedure 41.3, governing precedent in transferred cases. It requires that we "decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." TEX. R. APP. P. 41.3.

This Court has previously held that a motion for new trial filed under the wrong cause number is effective to extend the appellate deadlines where the motion sufficiently identifies the order or judgment in question. *See Leal v. City of Rosenberg*, 17 S.W.3d 385, 386 (Tex. App.—Amarillo 2000, order). The Third Court has issued opinions both consistent and inconsistent with this holding, however.

Consistent with our precedent, the Third Court has held that an appellant's motion for new trial filed in the wrong cause constitutes "a bona fide attempt to invoke the appellate court jurisdiction" and operates to extend the deadline to file a notice of appeal. *Blizzard v. Select Portfolio Servicing*, No. 03-13-00716-CV, 2014 Tex. App. LEXIS 5344, at *2-3 (Tex. App.—Austin May 13, 2014, order) (per curiam); *see also Torres v. Scott & White Clinic*, No. 03-04-00575-CV, 2006 Tex. App. LEXIS 3532, at *7 (Tex. App.—Austin Apr. 28, 2006, no pet.) (mem. op.) (holding same).

The Third Court has also held the opposite. In two more recent cases, the Third Court held that a motion for new trial filed in the wrong cause did not extend the deadline

for filing an appeal from a judgment entered in a severed cause. *See Crown Equity LLLP v. Parker*, No. 03-16-00389-CV, 2016 Tex. App. LEXIS 7405, at *2-3 (Tex. App.—Austin July 13, 2016, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction); *Levin v. Espinosa*, No. 03-14-00534-CV, 2015 Tex. App. LEXIS 1470, at *8-9 (Tex. App.—Austin Feb. 13, 2015, no pet.) (mem. op.) (doing same).

The plain language of Rule 41.3 requires that we apply the precedent of the transferor court where our decision would be inconsistent with its precedent. However, we have found no authority addressing how this rule – or others – should be applied when there is conflicting precedent within the transferor court. We decline Mitschke's suggestion that we attempt to use our power of review under the principles of horizontal stare decisis to disregard the Third Court's holdings in *Crown Equity* and *Levin* in preference for *Blizzard* and *Torres.* Cherry-picking which of the Third Court's decisions is controlling would interfere with that court's independent judicial functions, as we would be declaring the court's other holdings to no longer be of effect. Because the analysis in *Crown Equity* and *Levin* articulates the most recent jurisprudence from the Third Court on this question, we apply those holdings per Rule of Appellate Procedure 41.3.[2]

Accordingly, we hold that Mitschke's motion for new trial filed in the original cause did not extend the appellate deadlines in the severed cause. *See* TEX. R. APP. P. 41.3 (applying the precedent of the transferor court); *Crown Equity*, 2016 Tex. App. LEXIS 7405, at *2-3. His attempt to invoke appellate jurisdiction by filing a notice of appeal from

---

[2] We deny as moot Mitschke's conditional motion for leave to file a motion to re-transfer the appeal to the Third Court.

4

the *Order Granting the Motions for Summary Judgment of Defendants Borromeo and Blackjack Ranch L.E.E., LLC* was, therefore, untimely.

For this reason, we dismiss the appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a).

Per Curiam