**Delvin Stanley PHILBROOK, et ux., Relators,**

v.

**The Honorable Weldon BERRY, Judge, Respondent.**

**No. C–3463.**

Supreme Court of Texas.

Jan. 9, 1985.

See also 679 S.W.2d 651.

George P. Hardy, III and Donna Cywinski, Ferebee & Ferebee, William C. Ferebee, Houston, for relators.

Baker & Botts, Richard Josephson, Houston, for respondent.

PER CURIAM.

Relator, Delvin Stanley Philbrook, seeks a writ of mandamus to compel Judge Weldon Berry to vacate his order granting a new trial. Relator contends that Judge Berry lacked jurisdiction to grant a new trial because the motion upon which he purported to act was filed in another cause. On motion for rehearing, we withdraw our previous order overruling Relator's motion for leave to file petition for writ of mandamus and conditionally grant the writ.

In the underlying action, Philbrook sued Owens-Illinois, Inc. and others seeking damages allegedly caused by his exposure to asbestos. After the time had passed for Owens-Illinois to answer, Philbrook moved to sever his claims against Owens-Illinois and obtained a default judgment in the severed cause. Nine days after Judge Berry signed the default judgment in the severed cause, Owens-Illinois filed its answer in the original cause. Thereafter, Owens-Illinois became aware of the default judgment and filed a motion for new trial. This motion, however, was filed in the original cause rather than the severed cause. Judge Berry nevertheless considered the motion as if filed in the severed cause and signed an order setting aside the default judgment. Judge Berry's order granting Owens-Illinois' motion for new trial was signed fifty-three days after the default judgment.

Philbrook sought relief in the court of appeals arguing that the default judgment signed in the severed cause became final thirty days after it was signed and that the motion for new trial filed in the original cause did not extend Judge Berry's plenary jurisdiction over the default judgment. The court of appeals declined to issue the writ. 679 S.W.2d 651 (Tex.App.—Houston [1st Dist.] 1984, no writ).

 We agree with Philbrook that the default judgment was already final when Judge Berry acted to set it aside. Absent a timely motion for new trial, a trial court retains plenary power over its judgment for a period of thirty days. TEX.R.CIV.P. 329b(d). A trial court's plenary power may be extended for as long as one hundred five days by a timely filed motion for new trial. TEX.R.CIV.P. 329b(a)(c) and (e). In addition to being filed timely, the motion for new trial must be filed in the same cause as the judgment the motion assails. *Buttery v. Betts*, 422 S.W.2d 149 (Tex. 1967).

Because the motion for new trial was filed in the wrong cause, it did not operate to extend the court's plenary power over its judgment beyond the thirty days prescribed by TEX.R.CIV.P. 329b(d). Judge Berry retained plenary power to vacate, set aside, modify or amend the default judgment for a period of thirty days after he signed it. *First Alief Bank v. White*, 682 S.W.2d 251 (Tex.1984); *Thursby v. Stovall*, 647 S.W.2d 953 (Tex.1983); *McCormack v. Guillot*, 597 S.W.2d 345 (Tex.1980). Thereafter, he lacked the power to set his judgment aside except by bill of review. TEX.R.CIV.P. 329b(f).

Because Judge Berry's order, granting a new trial after the default judgment became final, is contrary to the above authority, we grant the writ of mandamus without hearing oral argument. TEX.R.CIV.P. 483. The writ will issue only if Judge Berry's successor, the Honorable William R. Powell, fails to vacate the order.