**SOUTHLAND PAINT COMPANY, INC., Appellant,**

v.

**THOUSAND OAKS RACKET CLUB, A DIVISION OF COUNTRY CLUB CONDOMINIUMS, LTD., et al., Appellees.**

No. 04–84–00456–CV.

Court of Appeals of Texas, San Antonio.

Feb. 20, 1985.

Rehearing Denied March 25, 1985.

Aaron L. Jackson, John W. Weber, Jr., Lawrence R. Linnartz, James E. McCamish, San Antonio, for appellant.

Melvin A. Krenek, San Antonio, for appellees.

Before CANTU, REEVES and TIJERINA, JJ.

## OPINION

### PER CURIAM.

Appellees have filed a motion to dismiss this appeal on the ground that the motion for new trial filed by appellant was filed under the wrong cause number and was therefore ineffective to extend the time for filing the appeal bond. If appellees are correct, the appeal bond filed by appellant was untimely and the appeal has not been perfected. TEX.R.CIV.P. 356(a).

Appellees brought suit against appellant Southland Paint Company, Inc., and a second defendant. On July 31, 1984, two orders were signed by the trial court. It is impossible to tell from the transcript which order was signed first. One order severed appellees' cause of action against Southland and assigned it cause number 84–CI–07903–A. Appellees' suit against the second defendant retained the original cause number of 84–CI–07903. The second order signed on July 31st is styled, "Interlocutory Judgment." It is a default judgment in appellees' favor against Southland, and it bears cause number 84–CI–07903. All but one of the remaining instruments [1] in the transcript likewise are filed under cause number 84–CI–07903. These include, among others, the TEX.R.CIV.P. 239a certificate of address filed by appellees, the motion for new trial filed by Southland, appellees' response to the motion for new trial, the order overruling the motion for new trial signed by the trial court, and Southland's appeal bond.

Appellees contend in their motion to dismiss that since Southland's motion for new trial was filed under cause number 84–CI–07903 rather than 84–CI–07903–A, it did not extend the time for filing the cost bond on appeal. Appellees cite the recent supreme court case of *Philbrook v. Berry*, 683 S.W.2d 378 (1985). The rule enunciated in *Philbrook* is that "the motion for new trial must be filed in the *same cause as the judgment it assails.*" (Emphasis added). *Philbrook* also involved a severance, a default judgment, and a subsequent motion for new trial. The default judgment in *Philbrook* was signed in the severed cause while the defendant's motion for new trial was filed in the original cause.[2] The instant case is distinguishable in that both the motion for new trial and the judgment it assails were filed in the same cause. Furthermore, all but one other document in the transcript contain the original cause number rather than the severed cause number. It is thus clear that although the judge ordered the action against Southland to bear a new cause number, this order was

---

1. The lone exception is a Motion for Leave to Joint as Co-Counsel for Southland filed by a law firm that had not participated in the trial to that point. It bears cause number 84–CI–07903–A.

2. *See also Philbrook v. Berry,* 679 S.W.2d 651, 652 (Tex.App.—Houston [1st Dist.] 1984, no writ).

never implemented by appellees, or the judge. It seems unduly harsh to punish an appellant for failure to comply with the terms of an order of severance ignored by appellees and the court. A defendant who has suffered a default judgment should be able to look to that judgment to determine the cause number under which he should file his motion for new trial. *Philbrook* demands no more than that the motion for new trial be filed in the same cause as the judgment it assails. This was done in the instant case.

The motion to dismiss is denied.