CITY OF SAN ANTONIO, Appellant,

v.

Abraham RODRIGUEZ and Alicia Rodriguez, Appellees.

No. 04–90–00599–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 16, 1991.

Les Mendelsohn, Randall C. Jackson, Jr., Speiser, Krause, Madole & Mendelsohn, Mata, Lowell F. Denton, Denton & McKamie, Sarah B. Duncan, San Antonio, for appellant.

George G. Brin, Brin & Brin, P.C., San Antonio, Thomas F. Nye, Brin & Brin, P.C. Corpus Christi, David W. Ross, Law Offices of Ralph Brown, Allan K. DuBois, Laura Cavaretta, Lang, Ladon, Green, Coghlan & Fisher, P.C., San Antonio, for appellees.

Before CADENA, C.J.,* and REEVES and BIERY, JJ.

OPINION

PER CURIAM.

MOTION OF ABRAHAM AND ALICIA RODRIGUEZ TO DISMISS APPEAL OF CITY OF SAN ANTONIO GRANTED.

On August 31, 1990, the judge of the 224th Judicial District Court of Bexar County granted appellees, Abraham Rodriguez and Alicia Rodriguez, judgment against appellant, City of San Antonio, in cause no. 87–CI–23305 (referred to in the remainder of this opinion as No. 23305, styled *Abraham Rodriguez and Alicia Rodriguez v. City of San Antonio.* We dismiss City's attempted appeal from that judgment because the appeal was not timely perfected.

■ Since the City is not required to give security for costs in order to appeal, it perfects an appeal from a judgment against it by filing a written notice of appeal within 30 days after the judgment is signed or, if a timely motion for new trial

has been filed by any party, within 90 days after the judgment is signed. TEX.R. APP.P. 40(a)(2) and 41(a)(1). TEX.R.CIV.P. 329(b) requires that motions for new trial and motions to modify, correct or reform a judgment be filed within 30 days after the judgment is signed.

The 30th day after the judgment was signed in cause no. 23305 was Sunday, September 30. On the following day, Monday, October 1, the City filed a notice of appeal and a motion to modify or correct judgment in a case which it described as "No. 88–CI–144572, Abraham Rodriguez and Alicia Rodriguez v. City of San Antonio, in the District Court, 224th Judicial District of Bexar County, Texas." There was, in fact, a cause bearing file number 88–CI–144572, styled *Leno Garcia, et al v. Robert W. Beyer, et al,* to which the City of San Antonio was also a party defendant, then pending in the 224th Judicial District Court of Bexar County.

The district clerk of Bexar County maintains the files and records pertaining to pending cases according to file number. All computerized records and other indices identify cases according to file numbers. The two instruments, notice of appeal and motion to modify or correct judgment were recorded in the office of the district clerk in cause number 88–CI–144572, the file number which appeared on both documents, rather than in cause no. 23305, the case in which the judgment which the City wished to appeal was actually rendered. The records pertaining to cause no. 23305 did not reflect that either a notice of appeal or a motion to modify or correct judgment had been filed in that case of October 1, 1990.

On October 18, 1990, a deputy district clerk received a telephone inquiry concerning the filings in cause no. 23305. When she checked the record for that case she discovered that it did not indicate that any notice of appeal or motion to modify or correct judgment had been filed in that case on October 1 or on any other date. She discovered that the instruments which the City had filed on October 1 had been recorded in the record of cause no. 88–CI–

---

* Carlos C. Cadena, Chief Justice (Retired), not participating.

144572, the file number which appeared on both instruments. Based on information given her on October 18, she ran a line through the file number 88–CI–144572 which appeared on both instruments which were filed October 1 and substituted the file number 23305 on both instruments, after which she entered the notice of appeal and motion to modify or correct judgment in the record relating to cause no. 23305, indicating that such instruments had been filed in that cause on October 1. She did, however, indicate on the record of No. 23305 that the entry reflecting that the notice of appeal and motion to modify or correct judgment had been filed in 23305 had actually been made on October 18.

■ Despite the actions of the deputy clerk on October 18 in changing the file numbers of the instruments filed by the City on October 1 to reflect that such documents were filed in cause number 23305 on October 10, it is undisputed that no motion for new trial or its equivalent was filed in cause number 23305. Even if we view the actions of the deputy district clerk in making the changes on October 18 as a filing in cause number 23305 of a motion to modify or correct the judgment signed in that case on August 31, such motion was not filed within the time prescribed by TEX.R.CIV.P. 329(b). The same is true of the notice of appeal. Since the motion to modify or correct the judgment was not timely filed in cause no. 23305, if, in fact, such motion was ever filed in that cause, the time for giving notice of appeal was not enlarged to 90 days after the judgment was signed, since only a timely filed motion can, according to TEX.R.APP.P. 41(a)(1), have the effect of extending the time for filing notice of appeal.

The conclusion that neither the motion to modify or correct the judgment in cause no. 23305 nor the notice of appeal from the judgment in that case was timely filed finds support in TEX.R.CIV.P. 329b as interpreted in *Philbrook v. Berry*, 683 S.W.2d 378, 379 (Tex.1985), where the Supreme Court pointed out that, in addition to be filed timely, "a motion for new trial must be filed in the same cause as the judgment the motion assails. *Buttery v. Betts*, 422 S.W.2d 149 (Tex.1967)."

The facts in *Philbrook v. Berry* are more fully set out in the opinion of the Court of Appeals refusing to issue the writ of mandamus issued by the Supreme Court.

Philbrook sued Owens–Illinois and seven other defendants to recover for personal injuries allegedly sustained by his wife as a result of exposure to asbestos. This suit was cause number 83–74655, filed in the 80th district court. When Owens–Illinois failed to file an answer within the time prescribed by statute, the trial court granted Philbrook's motion for severance and entered an order severing Philbrook's claim against Owens–Illinois from the original cause no. 83–74655 and docketed as a separate cause of action, assigning to it the number 83–74655–A. On the same day the court signed a default judgment in cause no. 83–74655–A awarding Philbrook damages against Owens–Illinois. On October 29 Owens–Illinois, unaware of the default judgment which had been entered against it, filed it answer in the original cause, number 83–74665. Thirty days after entry of the default judgment against it, Owens–Illinois filed a motion for new trial in cause number 83–74665, the original cause, and on April 2 the trial judge signed an order granting a new trial in the severed case, no 83–74665. *See Philbrook v. Berry*, 679 S.W.2d 651, 652 (Tex.App.—Houston [1st Dist.] 1984, original proceeding).

In *Philbrook* the Supreme Court issued a writ of mandamus ordering the trial judge to withdraw his order granting the motion for new trial filed by Owens–Illinois "[b]ecause the motion for new trial was filed in the wrong cause [and] did not operate to extend the trial court's plenary power over its judgment beyond the thirty days prescribed by TEX.R.CIV.P. 329b(d)." Simply stated, because the motion for new trial was filed in cause number 83–74665, the original cause, instead of in cause number 83–74665–A, the severed cause in which the judgment being assailed was entered it could not be given the effect of extending the trial court's plenary power over the judgment. *Philbrook*, 683 S.W.2d at 379.

*Philbrook* was followed in *Richie v. Ranchlander National Bank,* 724 S.W.2d 851 (Tex.App.—Austin 1986, no writ), where the trial court, after granting partial summary judgment in favor of defendants, signed an order severing from the original cause, number 8215, all matters relating to the summary judgment, assigning such matters to the severed cause, which was docketed under the number 8215A–3. No further pleadings were filed in number 8215A–B, but plaintiff subsequently filed a motion to vacate the default judgment and for new trial. The trial court purported to grant this motion, which was filed in cause number 8215, rather than in cause number 8215A–B, the severed cause in which the default judgment was granted. *Id.* at 852–53.

The Austin Court of Appeals held that the severance of the portion of the case concerning which a partial summary judgment was granted from the original cause created a final appealable judgment in the severed cause. Since the motion for new trial was filed in the original cause, number 8215, it failed to extend the trial court's jurisdiction over the judgment which had been rendered in the severed cause, number 8215A–B. Since no motion for new trial was filed in number 8215A–B, defendant had 30 days in which to perfect an appeal from the judgment rendered in that cause. Since no cost bond or its equivalent was filed within such 30–day period, defendant did not timely perfect the appeal and, since the appellate court lacked jurisdiction of the appeal it was required to dismiss the appeal. 724 S.W.2d at 854–55.

The City can draw little comfort from the decision by this Court in *Southland Paint v. Thousand Oaks Racket Club,* 687 S.W.2d 455 (Tex.App.—San Antonio 1985, no writ), where the motion for new trial was filed in the original cause and not in the severed cause. This Court refused to apply *Philbrook* pointing out that in *Southland Paint* the judgment of which complaint was being made on appeal was actually filed in the original cause rather than in the severed cause, so that the motion for new trial was, in fact, filed in the cause where the judgment was filed.

While the validity of this attempted distinction of *Philbrook* may be questioned, as it was in *Richie,* 724 S.W.2d at 854, it does indicate that if the judgment had borne the file number of the severed case this Court would have followed *Philbrook.*

The motion of Abraham and Alicia Rodriguez to dismiss the appeal of the City of San Antonio is granted. That appeal is dismissed at the cost of the City of San Antonio.