ACCEPTED
04-15-00676-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
12/18/2015 4:36:32 PM
KEITH HOTTLE
CLERK

Case No. 04-15-00676-CV

IN THE FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
12/18/15 4:36:32 PM
KEITH E. HOTTLE
Clerk

*Jose George, Matilde D. George, and Elaine George, Appellants*

*v.*

*Compass Bank, Appellee*

*From Cause No. 2014-CI-03773*
*(severed Cause No. 2015-CI-12375)*
*45th Judicial District Court, Bexar County, Texas*
*The Honorable Solomon Casseb, III, presiding*

## **Motion to Dismiss for Lack of Jurisdiction**

Appellee, Compass Bank ("**Compass Bank**"), moves to dismiss this appeal for lack of jurisdiction.

Appellants Jose George, Matilde George, and Elaine George ("**Appellants**") filed a notice of appeal on October 27, 2015, in Cause No. 2014-CI-03773, *Jose George v. Jose Alberto George, et al.*; in the 45th District of Bexar County, Texas. *See* Exhibit A. There is no final judgment in that case.

The notice of appeal purports to appeal from a "judgment and related orders signed on July 30, 2015" and an order signed on September 24, 2015. The notice of appeal omits specific mention of the trial court's order, also signed July 30, 2015,

930505.20130509/2288018.1

severing "all claims by and between" Compass Bank and Appellants into the newly designated Cause No. 2015-CI-12375, styled *Jose George v. Compass Bank* (the "**severed case**"). *See id.; see also* Exhibit B.

If Appellants intended to appeal from the judgment in the severed case, the appeal is not timely. Appellants did not file a notice of appeal within thirty days following the July 30, 2015 orders. *See* Tex. R. App. P. 26.1; *see also Verburgt v. Dorner*, 959 S.W.2d 615, 615 (construing predecessor to Rule 26.1). Appellants did not file any post judgment motion in the severed case within thirty days following the July 30, 2015 orders. *See* Tex. R. App. P. 26.1(a). Regardless whether Appellants intended to appeal Cause No. 2014-CI-03773 (no final judgment) or Cause No. 2015-CI-12375 (no timely notice of appeal), this Court is without jurisdiction. *See, e.g., Philbrook v. Berry,* 683 S.W.2d 378 (Tex. 1985).

In *Philbrook*, the Texas Supreme Court was presented with similar facts: Philbrook sued several parties, one of whom failed to timely answer. *Id.,* 683 S.W.2d at 379. Philbrook's claims against that defendant were severed and a default judgment entered in the severed cause. *Id.* Nine days after default judgment was signed in the severed cause, the defaulting defendant, Owens-Illinois, filed its answer in the original cause. Thereafter, Owens-Illinois became aware of the default judgment and filed a motion for new trial. This motion, however, was filed in the original cause, not the severed cause. The trial judge nevertheless considered the

motion as if filed in the severed cause and signed an order setting aside the default judgment. The order was signed fifty-three days after the default judgment. *Id.* The Texas Supreme Court held that, because the motion for new trial was filed in the wrong cause, it did not operate to extend the court's plenary power over its judgment beyond the thirty days prescribed by Tex. R. Civ. P. 329b(d). *Philbrook v. Berry*, 683 S.W.2d at 379.

Here, Compass Bank obtained partial summary judgment on all claims by and between itself and Appellants and, on the same day, obtained an order of severance assigning a new cause number to the severed case. Exh's B, C.[1] Like the defendant in *Philbrook*, Appellants filed a post-judgment motion (to modify) in the original action, but no such motion in the severed cause. *Philbrook, supra.* Applying *Philbrook* to this case, because Appellants' motion was filed in the wrong action, "it did not operate to extend the court's plenary power over its judgment *See Id.* As the Texas Supreme Court said in *Philbrook*, "In addition to being filed timely, the motion for new trial must be filed in the same cause as the judgment the motion

---

[1] Appellants were aware of the severance order on July 30, 2015. That order, along with the order granting summary judgment and the order approving interpleader, was signed by Judge Alcala on July 30, 2015, following an oral hearing at which counsel for Appellants and counsel for Compass Bank were present. The courtroom clerk provided copies of the signed orders to both attorneys and, on the same day, the District Clerk stamped the newly assigned cause number on the order of severance. *See* Exh's B, C. The District Clerk's "Case Summary" indicates notice of the severance to counsel on August 4, 2015. *See* Exh. D. By letter dated August 7, 2015, referencing both the main and severed case numbers, Compass Bank sent interpleader funds to the District Clerk with an emailed copy sent to Appellants' counsel. *See* Exh. E.

930505.20130509/2288018.1

assails." *Id.* (citing *Buttery v. Betts*, 422 S.W.2d 149 (Tex. 1967); *see also Levin v. Espinosa*, 03-14-00534-CV, 2015 WL 690368 at *1 (Tex. App.—Austin Feb. 13, 2015, no pet.).

The same day the trial court granted Compass Bank's motion for partial summary judgment, it also granted the severance, creating a new case with a new cause number, and styled *Jose George v. Compass Bank*. Exh. B. By terms of the severance order, the trial court directed the clerk to place the partial summary judgment, an order granting interpleader and, "this Order Granting Severance" in the new case file. Exh. B. The severance order expressly states that the "summary judgment granted in favor of Compass Bank is now final," and the "Order of Severance is final and disposes of the severed case." *Id.*[2] Similarly, the partial summary judgment expressly references the "contemporaneously executed severance order" rendering "this Judgment" final and appealable. Exh. C. Notwithstanding the clear language and effect of trial court's orders, Appellants did not file any post-judgment motion in the severed action (Cause No. 2015-CI-12375) and did not file a notice of appeal within thirty days after July 30, 2015. Because Appellants did not

---

[2]     The appellate timetable runs from the signing date of the order that makes a judgment final and appealable. *See Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (citing *Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 313 (Tex. 1994)); *see also In re K.F.*, 351 S.W.3d 108, 112-13 (Tex. App.—San Antonio 2011, no pet.) ("A judgment that disposes of all parties and issues in one of the severed causes is final and appealable.") (citing *Hall v. City of Austin*, 450 S.W.2d 836, 837–38 (Tex. 1970)). The severed case is the case in which there is a final judgment; the severance order signed July 3, 2015, commenced running of the appellate timetable.

4

timely invoke this Court's jurisdiction, their appeal should be dismissed. *See Philbrook v. Berry,* 683 S.W.2d at 379; *Levin v. Espinosa*, 2015 WL 690368 at \*2.

This Court most recently applied *Philbrook* in *Garza v. CMH Homes*, a 2002 case. *See Garza v. CMH Homes, Inc.*, 04-01-00845-CV, 2002 WL 31465810, at \*2, note 1 (Tex. App.—San Antonio Nov. 6, 2002, no pet.).[3] The Court noted that the Texas Supreme Court's holding in *Philbrook* has been questioned in the perfection-of-appeal context for purposes of determining whether the appellate deadline is extended if a motion for new trial is filed in the wrong cause number. *See id.* The Court referenced *City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992) (per curiam), and its own 1997 decision in *Matlock v. McCormick,* 948 S.W.2d 308, 310 (Tex. App.-San Antonio 1997, no pet.). *Garza v. CMH Homes, Inc., supra.* This case is distinguishable from both.

In *City of San Antonio*, on the deadline for perfecting appeal, the City filed a post-judgment motion to modify or correct judgment along with its notice of appeal. The City used the proper style, *Abraham Rodriguez and Alicia Rodriguez v. City of San Antonio,* but the wrong cause number on both. In connection with a telephone inquiry about the "right" case number, a deputy clerk first found no notice of appeal and no post-judgment motion. On further investigation, she discovered the

---

[3]     *See also Luera v. Basic Energy Services, Inc.*, 04-15-00466-CV, 2015 WL 7271091 at \*1 (Tex. App.—San Antonio Nov. 18, 2015, no. pet. h.), granting a similar motion to dismiss without reference to *Philbrook*.

5

instruments filed in the "wrong" case. After discussion with a supervisor, the deputy clerk drew a line through the wrong number and substituted the correct one on both instruments. She then contacted the City's attorneys to notify them of the mistake and to inform them that the correction had been made and that refiling was not necessary. *See City of San Antonio v. Rodriguez*, 828 S.W.2d at 417.

The court of appeals granted the Rodriguez's motion to dismiss for lack of jurisdiction relying on *Philbrook. See id.* at 418. The Texas Supreme Court disagreed, writing that "a court of appeals has jurisdiction over an appeal when the appellant files an instrument that is 'a bona fide attempt to invoke appellate court jurisdiction.'" *Id.* (quoting *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex. 1991) (per curiam)). The City's notice of appeal, filed within 30 days after the judgment, was the basis for appellate jurisdiction in *City of San Antonio. Id.; see also City of San Antonio v. Rodriguez*, 810 S.W.2d 405, 406 (Tex. App.—San Antonio 1991), rev'd, 828 S.W.2d 417 (Tex. 1992). Appellants did not file either a post-judgment motion or a notice of appeal within 30 days of the summary judgment order or the severance. This separate basis for appellate jurisdiction—a timely filed bona fide attempt to invoke jurisdiction—is absent from the instant case.

Because it found the City's otherwise timely notice of appeal was sufficient to give the court of appeals jurisdiction, the Texas Supreme Court "h[e]ld that the City's

930505.20130509/2288018.1

notation of the incorrect cause number on its notice of appeal" did not defeat that jurisdiction. *City of San Antonio v. Rodriguez*, 828 S.W.2d at 418.

Further distinguishing *City of San Antonio*, it was not a severance case and, unlike the City, Appellants in this case did not use some totally alien cause number. They filed their motion to modify in the main case using its caption and its number, one of three cause numbers associated with this controversy: (i) the main case, (ii) a 2014 severance and final disposition of claims involving "Jose Alberto George," and, (iii) the July 30, 2015 severance and final disposition of claims involving Appellants and Compass Bank. Far more like *Philbrook* than *City of San Antonio*, "the different cause numbers were crucial to the proper management of the [three] cases." *See City of San Antonio*, 828 S.W.2d at 418 (distinguishing that case from *Philbrook*).

In the 1997 *Matlock v. McCormick* case, which is a severance case, this Court held that Matlock timely perfected her appeal by filing a motion for new trial in the main case. *See Matlock v. McCormick,* 948 S.W.2d 308 at 310. The holding is based on the Court's rationale that Matlock's motion for new trial was a bona fide attempt to invoke appellate court jurisdiction. *Id.* First, in this case there is no instrument that can possibly be considered an attempt to invoke this Court's jurisdiction that was timely filed within 30 days after July 30, 2015. And, importantly since the Court's decision in *Matlock*, the Texas Supreme Court has made it clear that a motion for new trial "is not an instrument that may be considered a bona fide attempt to invoke

7

the appellate court's jurisdiction." *In re K.A.F.,* 160 S.W.3d 923, 928 (Tex. 2005); *see also In re J.M.,* 396 S.W.3d 528, 530–31(Tex. 2013) (motion for new trial that does not address appellate court does not qualify as a substitute for a notice of appeal). Therefore, because no timely notice of appeal (or other instrument attempting to invoke the Court's jurisdiction) was filed, the Court should dismiss the appeal.

The most recent decision from any court of appeals on the continuing efficacy of *Philbrook* appears to be *Levin v. Espinosa* from the Austin court. *See Levin v. Espinosa*, 03-14-00534-CV, 2015 WL 690368 (Tex. App.—Austin Feb. 13, 2015, no pet.). There, just like here, "[t]he only question to be answered is whether the [July 30, 2015] motion for new trial, filed in the wrong cause number, acted to extend the time to file a notice of appeal in the new, severed cause." *Id.* at *1. Relying primarily on *Philbrook* (*see also Texas Emp'rs Ins. Ass'n v. Martin*, 347 S.W.2d 916, 917 (Tex. 1961)), the Austin court held that the improperly filed post-judgment motion did not extend the appellate deadline, and the court dismissed the appeal for want of jurisdiction. *Id.* On substantially similar facts, this Court should do the same.

In deciding to dismiss the appeal for lack of jurisdiction (the same relief Compass Bank seeks in this case), the *Levin* court discussed (and distinguished) an array of post-*Philbrook* cases that "have muddied the waters in this area." *Levin*, 2015 WL 690368, at *2 (discussing *Mueller v. Saravia,* 826 S.W.2d 608 (Tex. 1992);

8

*City of San Antonio, supra; McRoberts v. Ryals,* 863 S.W.2d 450, 451 (Tex. 1993); and *Blankenship v. Robins,* 878 S.W.2d 138, 138 (Tex. 1994)). Each is equally distinguishable from this case.

For example, in *Mueller*, the trial court rendered a take-nothing judgment, then severed Mueller's claims against Saravia into a new cause number. *Mueller*, 826 S.W.2d at 609. Mueller filed a timely motion for new trial in the original cause number seeking new trial in both causes and successfully sought re-consolidation of the causes. *Id.* The Texas Supreme Court held that, despite being filed in the original cause number, the motion for new trial extended Mueller's appellate deadline in the severed cause because *Philbrook* required only that the motion for new trial be filed in the same cause as the judgment being assailed. *Id.* The court also noted that the severed cause number was nowhere to be found in the clerk's record and that the parties and the trial court had proceeded as if the severance had not happened, concluding that Mueller should not be punished for failing to comply with a severance order ignored by both parties and the trial court. *Id.* Here, in contrast, the order of severance includes the newly assigned cause number; the order of severance specifically references the partial summary judgment signed the same day; and, the partial summary judgment expressly references the contemporaneously signed order of severance. *See* Exh's B, C. Neither the court nor the parties (other than George) ignored the severance.

9

As discussed above, in *City of San Antonio*, the appellant timely filed a notice of appeal, demonstrating "a bona fide attempt to invoke appellate court jurisdiction." *See City of San Antonio*, 828 S.W.2d at 418. In this case, no notice of appeal was filed within 30 days and, Appellant's motion to modify "is not an instrument that may be considered a bona fide attempt to invoke the appellate court's jurisdiction" as a matter of now settled law. *In re K.A.F., supra.* In this case, the erroneous cause number used by Appellant's is one of three associated with the controversy, unlike *City of San Antonio* where the number had nothing to do with any part of the case. *See City of San Antonio, supra.*

Likewise, *McRoberts v. Ryals*, 863 S.W.2d 450 (Tex. 1993) is distinguishable from this case. In that case, the trial court signed a judgment that included a severance order, but the trial court clerk did not assign a new cause number to the severed action until two months later. 863 S.W.2d at 451. In the meantime, McRoberts filed a motion for new trial in the original cause number. *Id.* About two weeks after the new number was assigned, McRoberts perfected his appeal under the original cause number. *Id.* The supreme court observed that because McRoberts could not be expected to file his motion for new trial under a nonexistent cause number, his motion operated to extend his time to appeal. *Id.* at 454–55. It further held that McRoberts's attempt to appeal, filed in the original cause, was proper because the judgment he sought to appeal was under the original cause number,

10

noting that notice of the new cause number was not provided to the parties when it was finally assigned. *Id.*

As the Texas Supreme Court held, *McRoberts* was distinguishable from *Philbrook, supra,* (and from *Richie v. Ranchlander Nat'l Bank*, 724 S.W.2d 851 (Tex. App.—Austin 1986, no writ)), and from *Buttery v. Betts, supra*. In *McRoberts*, a severed cause number "did not exist when the motion was due." *McRoberts v. Ryals*, 863 S.W.2d at 454. In this case, like the cases the court distinguished in *McRoberts*, "the severed or separate cause number already existed when the motion for new trial was due" and Appellants' counsel—unlike McRoberts—did not "face[] the impossible dilemma of having to timely file his motion for new trial under a nonexistent cause number." *McRoberts*, 863 S.W.2d at 455. The severed case cause number is in the severance order; the severance order specifically references the summary judgment; and, the summary judgment specifically references the "contemporaneously executed" order of severance. *See* Exh's B, C.

The *Blankenship* case is completely different from this case. In *Blankenship*, the trial court granted summary judgment against Blankenship and ordered that all remaining claims should be severed into a new cause number. *Blankenship v. Robbins*, 878 S.W.2d 138, 138 (Tex. 1994). Contrary to the order, the trial court clerk instead assigned a new cause number to the summary judgment, leaving the remaining claims in the original cause. *Id.* The trial court and parties then proceeded

11

in accordance with the clerk's actions, and Blankenship timely filed his motion for new trial and appeal bond in the severed cause. *Id.* The Texas Supreme Court held that Blankenship should not be punished for not complying with a severance order that was also ignored by Robbins and the trial court and that Blankenship's filings, including the appeal bond, in conformity with the clerk's actions were a bona fide attempt to invoke appellate jurisdiction. *Id.* 878 S.W.2d at 139. There is no such miscommunication in this case. Rather, Appellants, alone, ignored the import of the severance order signed July 30, 2015. And, as above, there is no timely filed appeal bond or other filing that can possibly be construed as a bona fide attempt to invoke this Court's appellate jurisdiction. *See In re K.A.F., supra.*

In *Levin,* Justice Field joined in the majority opinion and found it appropriate to write a separate concurring opinion. (Justice Pemberton joined both the majority and Field's concurrence). As to the precedential import of *Philbrook*, Justice Field first observes, "The Court's opinion is consistent with the principle that intermediate courts of appeals are bound to follow the opinions of the supreme court in civil cases and that only the supreme court can overrule its own decisions." *Levin*, 2015 WL 690368, at *3, Field, J., concurring (citing *Lubbock Cnty. v. Trammel's Lubbock Bail Bonds,* 80 S.W.3d 580, 585 (Tex. 2002). Noting the "trend toward putting substance over procedure" when a court is assessing its jurisdiction, Justice Field, nonetheless, concurs that recent clarification that a motion for new trial may not be considered a

12

bona fide attempt to invoke appellate jurisdiction means "*Philbrook* appears to govern most, if not all, cases concerning extension of the notice-of-appeal deadline when a motion for new trial is filed using an incorrect cause number." *Id.*

The reasoning in *Levin* is sound and, as suggested by Justice Field, *Philbrook* governs this case. The final judgment and the contemporaneously signed severance order are unmistakably clear. Compass Bank obtained summary judgment in its favor on July 30, 2015. On the same day, all claims disposed of by that judgment were severed into Cause No. 2015-CI-12375, making the judgment final and appealable. Despite notice, Appellants did not file a post-judgment motion in Cause No. 2015-CI-12375. The appellate timetable was not extended and Appellant's notice of appeal was due within thirty days. Tex. R. App. P. 26.1. No notice of appeal has been filed in Cause No. 2015-CI-12375. Further, there is no final judgment in the "main case," 2014-CI-03773. *See In re Thirty-Four Gambling Devices*, 07-04-0548-CV, 2006 WL 223749 at *2 (Tex. App.—Amarillo Jan. 30, 2006, no pet.) ("unlike *Rodriguez*, the present appeal does not simply fail to correctly identify the cause number of the judgment being appealed from, rather, it attempts to appeal a judgment that simply does not exist.) Accordingly, the Court is without jurisdiction in this appeal.

Compass Bank respectfully moves for dismissal of this appeal for lack of jurisdiction and for such other relief to which it is entitled.

13

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By: /s/ Michael D. Conner
    Michael D. Conner
    mconner@hirschwest.com
    State Bar No. 04688650
    William P. Huttenbach
    State Bar No. 24002330
    phuttenbach@hirschwest.com
    1415 Louisiana, 36th Floor
    Houston, Texas 77002
    Telephone: (713) 220-9162
    Facsimile: (713) 223-9319

**Attorneys for Appellee Compass Bank**

930505.20130509/2288018.1

## Certificate of Conference

I spoke to Alberto Alarcon, on December 18, 2015 and he opposes this motion.

/s/ Michael D. Conner
Michael D. Conner

## Certificate of Compliance

I certify that this document complies with the type-volume limitation of Tex. R. App. P. 9.4.  This document is in a proportionally spaced typeface using Microsoft Word 2013 with 14 point Times New Roman font.

/s/ Michael D. Conner
Michael D. Conner

## Certificate of Service

I hereby certify that on this 18th day of December, 2015, a true and correct copy of the foregoing document was served as follows:

Alberto Alarcon
Hall, Quintanilla, & Alarcon
P.O. Box 207
1302 Washington
Laredo, TX 78042-0207
*Via E-Service*

/s/ Michael D. Conner
Michael D. Conner

930505.20130509/2288018.1

Case No. 04-15-00676-CV

## IN THE FOURTH COURT OF APPEALS

## SAN ANTONIO, TEXAS

*Jose George, Matilde D. George, and Elaine George, Appellants*

*v.*

*Compass Bank, Appellee*

### <u>Affidavit of William P. Huttenbach</u>

STATE OF TEXAS     §
                   §
COUNTY OF HARRIS   §

BEFORE ME, the undersigned authority, on this day personally appeared William P. Huttenbach, known to me to be the person whose name is subscribed below, and who, being by me duly sworn, stated the following:

1. My name is William P. Huttenbach. I am over the age of twenty-one (21) years and, I am competent to testify. Each fact stated in this affidavit is true and correct and within my personal knowledge.

2. I am an attorney of record for Compass Bank ("**Compass Bank**") in the above referenced lawsuit, and was lead counsel in the trial court.

3. I have read Compass Bank's Motion to Dismiss for Lack of Jurisdiction to which this affidavit is appended. Each fact stated in the motion is true, correct, and within my personal knowledge.

4. Attached to this affidavit are true copies of following documents, each of which was obtained from the Bexar County District Clerk:

    **Exhibit A** – Notice of Appeal filed by Jose George, Matilda D. George, and Elaine George in Cause No. 2014-CI-03773;

**Exhibit B** – Order Granting Severance of All claims By and Between Compass Bank and Plaintiff, Jose George, and Third-Party Defendants, Matilda George and Elaine George, signed July 30, 2015, and entered in Cause No. 2015-CI-12375 on July 30, 2015;

**Exhibit C** – Partial Summary Judgment on All Claims By and Between Plaintiff and Third Party Defendants Matilda George and Elaine George and Compass Bank, signed July 30, 2015, in Cause No. 2014-CI-03773;

**Exhibit D** – Notice in Cause No. 2014-CI-03773, notifying counsel for the respective parties of the severance and the newly assigned cause number and style for the severed matter, Cause No. 2015-CI-12375; Jose George, et al. vs. Compass Bank.

5. I attended the July 30, 2015, hearing in the Bexar County District Court at which Judge Alcala signed the Partial Summary Judgment, Exh. C, and the Order Granting Severance, Exh. B. Counsel for Jose George, Matilda D. George, and Elaine George, Mr. Alberto Alarcon, also was present.

6. Also attached to this affidavit as **Exhibit E** is a true copy of a letter dated August 7, 2015, together with true copies of the attachments sent with the letter, which I prepared and sent to the Bexar County District Clerk on August 7, 2015, with copies of the same sent as indicated thereon, including to counsel for Jose George, Matilda D. George, and Elaine George, Mr. Alberto Alarcon.

FURTHER AFFIANT SAYETH NOT.

_____
William P. Huttenbach

SWORN TO AND SUBSCRIBED before me by the said William P. Huttenbach on December 16, 2015.

_____
Notary Public in and for the State of Texas

FILED
10/27/2015 12:30:00 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Consuelo Gomez

CAUSE NO. 2014-CI-03773

| JOSE GEORGE | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| JOSE ALBERTO GEORGE, et al. | § | 45TH JUDICIAL DISTRICT |

NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

Jose George, Matilde D. George, and Elaine George, appellants, timely file this notice of appeal from the judgment of the Court and related orders signed on July 30, 2015, to wit: Partial Summary Judgment on All Claims by and Between Plaintiff and Third-Party Defendants Matilde George and Elaine George and Compass Bank and Order Granting Compass Bank's Second Motion to Approve Interpleader. Appellants also appeal the subsequent order signed on or about September 24, 2015, conditioning the withdrawal of all the funds interpleaded on the posting of a supersedeas bond for future attorney's fees.

This notice of appeal and appeal encompasses the final judgment as well as all orders and rulings adverse to the appellants that were incorporated or merged into the final judgment and all subsequent adverse ruling dealing with withdrawal of funds and supersedeas bond.

This appeal is taken to the Fourth Court of Appeals in San Antonio, Texas.

Dated: October 27, 2015.

1


EXHIBIT
A

Respectfully submitted,

HALL, QUINTANILLA & ALARCON, PLLC

/s/Alberto Alarcon

Alberto Alarcon
    State Bar No. 00968425
1302 Washington
P.O. Box 207
Laredo, Texas 78042-0207
Telephone No. (956) 723 5527
Facsimile No. (956) 723 8168
Email: aalarcon@sbcglobal.net

## CERTIFICATE OF SERVICE

On this 27th day of October, 2015, a true and correct copy of the foregoing pleading was served on the following by the method described below their name an address:

William P. Huttenbach
1415 Louisiana, 36th Floor
Houston, Texas 77002
**Via email: phuttenbach@hirschwest.com**

/s/ Alberto Alarcon
Alberto Alarcon

3

| JOSE GEORGE | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | § | |
| JOSE ALBERTO GEORGE, et al. | § | 45TH JUDICIAL DISTRICT |

## ORDER GRANTING SEVERANCE OF ALL CLAIMS BY AND BETWEEN COMPASS BANK AND PLAINTIFF, JOSE GEORGE, AND THIRD-PARTY DEFENDANTS, MATILDE GEORGE AND ELAINE GEORGE (PLAINTIFF AND THIRD-PARTY DEFENDANTS WILL BE COLLECTIVELY REFERRED TO AS "RESPONDENTS")

On this day came on to be heard Compass Bank's motion to sever contained in Compass Bank's Motion for Partial Summary Judgment against Respondents. The Court, having considered the motion on file and the arguments of counsel, is of the opinion that said motion should be GRANTED. It is, therefore,

ORDERED that all claims by and between Third-Party Defendant Compass Bank d/b/a BBVA Compass, incorrectly named as BBVA Compass Bank ("**Compass Bank**") and Respondents be severed from the remaining claims in this matter.

IT IS FURTHER ORDERED that the remaining claims by and between Plaintiff, Jose George, and the other Defendants, and cross-claims between Third-Party Plaintiff, Jose Alberto George, and the other parties will REMAIN PENDING.

2015-CI-12375

The severed matter will be Cause No. _____, and will be styled *Jose George v. Compass Bank*. The Clerk is directed to create this new file and all claims by and between Compass Bank and Respondents are SEVERED from the remaining claims in this lawsuit.

All court costs in connection with the case being severed are to be paid by Compass Bank. The Clerk of the court is instructed to copy the following pleadings to be severed and placed in the new file:



930505.20130509/2193662.1

**EXHIBIT**

**B**

1. Partial Summary Judgment on all Claims By and Between Compass Bank and Plaintiff and Third-Party Defendants;
2. The Court Order granting Compass Bank's Second Motion to Allow Interpleader; and
3. this Order Granting Severance.

The Court incorporates by reference all documents in the original file. The Court also notes case authority holding that all documents filed in a cause before a severance are part of the record of the severed case. *See New Hampshire Ins. Co. v. Tobias*, 80 S.W.3d 146 (Tex. App. 2002, no pet.).

It is ALSO ORDERED THAT the above-referenced summary judgment granted in favor of Compass Bank is now final.

It is ALSO ORDERED THAT the Order of Severance is final and disposes of the severed case.

Signed on _____ July 30 _____, 2015.

_____
HONORABLE JUDGE PRESIDING

**APPROVED AS TO FORM ONLY:**

HIRSCH & WESTHEIMER, P.C.

By: */s/ William P. Huttenbach*
    William P. Huttenbach
    State Bar No. 24002330
    1415 Louisiana, 36th Floor
    Houston, Texas 77002
    713-220-9184 Direct
    713-223-5181 Main
    713-223-9319 Fax
    Email: phuttenbach@hirschwest.com

**ATTORNEYS FOR THIRD-PARTY
DEFENDANT COMPASS BANK
D/B/A BBVA COMPASS, INCORRECTLY
NAMED BBVA COMPASS BANK**

CAUSE NO. 2014-CI-03773

| | | |
|---|---|---|
| JOSE GEORGE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | § | |
| JOSE ALBERTO GEORGE, et al. | § | 45TH JUDICIAL DISTRICT |

## PARTIAL SUMMARY JUDGMENT ON ALL CLAIMS BY AND BETWEEN PLAINTIFF AND THIRD-PARTY DEFENDANTS MATILDE GEORGE AND ELAINE GEORGE AND COMPASS BANK

On this day came on to be heard Compass Bank's Motion for Summary Judgment against Plaintiff, Jose George ("**Plaintiff**") and Third-Party Defendants Matilde George and Elaine George (collectively "**Third-Party Defendants**"). For the reasons stated in said motion, this Court grants a summary judgment in favor of Compass Bank on all of Plaintiff's and Third-Party Defendants' claims against Compass Bank and all of Compass Bank's claims against such parties.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that Plaintiff and Third-Party Defendants shall take nothing on their claims against Compass Bank.

IT IS ALSO ORDERED, ADJUDGED AND DECREED that Compass Bank recover a Judgment against Plaintiff and Third-Party Defendants, jointly and severally, in the amount of One Hundred Thousand, Eight Hundred Thirty-Six and 55/100 Dollars ($100,836.55) for Compass Bank's reasonable and necessary attorneys' fees, costs and expenses.

IT IS ALSO ORDERED, ADJUDGED AND DECREED that if Plaintiff and/or Third-Party Defendants file a Notice of Appeal, and Compass Bank ultimately prevails, Compass Bank is awarded an additional $30,000.00 for additional reasonable and necessary attorneys' fees, costs and expenses, and if any party appeals to the Texas Supreme Court and Compass Bank ultimately prevails, Compass Bank is awarded an additional $25,000.00 in additional reasonable and


EXHIBIT
C

necessary attorneys' fees, costs and expenses, and an additional $20,000.00 if the Texas Supreme Court grants the writ.

IT IS ALSO ORDERED, ADJUDGED AND DECREED that Compass Bank is awarded post-judgment interest at the rate of 5% per annum on the above-referenced amounts from the date of this judgment until paid.

All relief not expressly granted herein by and between Plaintiff and Third-Party Defendants and Compass Bank is denied. Due to a contemporaneously executed severance order, this Judgment finally disposes of all claims by and between Plaintiff and Compass Bank and is appealable. this is meant to be a Final Judgment pursuant to the Texas Supreme Court's decision in *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001).

Signed on ___July 30___, 2015.

_____
HONORABLE JUDGE PRESIDING

**APPROVED AS TO FORM ONLY:**

HIRSCH & WESTHEIMER, P.C.


By: _/s/ William P. Huttenbach_____
    William P. Huttenbach
    State Bar No. 24002330
    1415 Louisiana, 36th Floor
    Houston, Texas 77002
    713-220-9184 Direct
    713-223-5181 Main
    713-223-9319 Fax
    Email: phuttenbach@hirschwest.com

**ATTORNEYS FOR THIRD-PARTY**
**DEFENDANT COMPASS BANK**
**D/B/A BBVA COMPASS, INCORRECTLY**
**NAMED BBVA COMPASS BANK**

930505.20130509/2125772.3

No. <u>2014CI03773</u>



2015CI12375 -S00001

| | | |
|---|---|---|
| JOSE GEORGE | § | In the District Court |
| VS. | § | 45TH Judicial District |
| JOSE A GEORGE ET AL | § | Bexar County, Texas |

**August 04, 2015**

WILLIAM P HUTTENBACH
1415 LOUISIANA ST 36 FL
HOUSTON, TX 77002-7360

ALBERTO ALARCON
1302 WASHINGTON ST
LAREDO, TX 78040-4445

## <u>NOTICE</u>

An Order of Severance was entered under the above described cause of action.

The newly assigned Cause Number and Style of the severed action is listed below:

Cause Number <u>2015CI12375</u>          Court <u>45TH</u>

Style:      <u>JOSE GEORGE ET AL</u>
            VS.
            <u>COMPASS BANK</u> .

Donna Kay McKinney
Bexar County District Clerk
San Antonio, Texas   78205



**EXHIBIT**
**D**

DOCUMENT SCANNED AS FILED

No. <u>2014CI03773</u>



2015CI12375 -S00002

| | | |
|---|---|---|
| JOSE GEORGE | § | In the District Court |
| VS. | § | 45TH Judicial District |
| JOSE A GEORGE ET AL | § | Bexar County, Texas |

August 04, 2015

WILLIAM P HUTTENBACH
1415 LOUISIANA ST 36 FL
HOUSTON, TX 77002-7360

ALBERTO ALARCON
1302 WASHINGTON ST
LAREDO, TX 78040-4445

## <u>NOTICE</u>

An Order of Severance was entered under the above described cause of action.

The newly assigned Cause Number and Style of the severed action is listed below:

Cause Number <u>2015CI12375</u>          Court <u>45</u><sup>TH</sup>

Style:     <u>JOSE GEORGE ET AL</u>
           VS.
           <u>COMPASS BANK</u>

Donna Kay M<sup>c</sup>Kinney
Bexar County District Clerk
San Antonio, Texas   78205

DOCUMENT SCANNED AS FILED

**HW** HIRSCH & WESTHEIMER

*Attorneys and Counselors*

T. 713.220.9184
F. 713.223.9319
phuttenbach@hirschwest.com

August 7, 2015

*Via Certified Mail/RRR*
*No. 9414 7266 9904 2013 3115 05 and Via E-File*

Donna Kay McKinney,
Bexar County District Clerk
Paul Elizondo Tower
101 W Nueva, Suite 217
San Antonio, TX 78205-3411

    Re:    Cause No. 2014-CI-003773; *Jose George v. Jose Alberto George, et al.*; In the 45th Judicial District Court of Bexar County, Texas.

    Re:    Cause No. 2015-CI-12375; *Jose George v. Jose Alberto George, et al.*; In the 45th Judicial District Court of Bexar County, Texas.

Dear Ms. McKinney:

    Enclosed please find a check in the amount of Seven Hundred Eighteen Thousand Seven Hundred Twenty-Nine and 52/100 Dollars ($718,729.52) made payable to Bexar County District Clerk pursuant to the attached Order granting Compass Bank's Second Motion to Allow Interpleader. Pursuant to the Order, Compass Bank closed all six (6) accounts, issued a check made payable to Compass Bank in the amount of One Hundred Thousand Eight Hundred Thirty-Six and 55/100 Dollars ($100,836.55), and Compass Bank has kept that original check. I am also enclosing a copy of that check for the Court's file. Also in compliance with that Order, Compass Bank then has issued a check for the remaining balance of the remaining accounts and has provided it to you.

    I am copying all parties on this letter to notify them of Compass Bank's compliance with said Order.



Donna Kay McKinney
August 7, 2015
Page 2

        If you have any other questions or comments, please do not hesitate to call.

Sincerely,

HIRSCH & WESTHEIMER, P.C.

By: _William "Pat" Huttenbach_

William "Pat" Huttenbach

WPH/bd/enclosure

cc:    Jose Alberto George, Pro Se        *Via email and U.S. Priority Mail*
       Alberto Alarcon                               *Via email*
       James G. Ruiz                                 *Via email*

CAUSE NO. 2014-CI-03773

| JOSE GEORGE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | § | |
| JOSE ALBERTO GEORGE, et al. | § | 45TH JUDICIAL DISTRICT |

## ORDER GRANTING COMPASS BANK'S
## SECOND MOTION TO APPROVE INTERPLEADER

On this date, came on to be heard, Compass Bank's Second Motion to Approve Interpleader. The Court GRANTS the motion and FINDS the following:

1.      On or about April 28, 2014, each of the accounts contained the following posted amounts:

  a. Account No. ***8164, styled in the name of Jose George, posted balance as of April 28, 2014:  Three Thousand Ninety-Six and 45/100 Dollars ($3,096.45);

  b. Account No. ***9000, styled in the name of Jose George, posted balance as of April 28, 2014:  Three Thousand Four Hundred Thirty-Eight and 50/100 ($3,438.50);

  c. Account No. ***9840, styled in the name of Matilde Diaz De George, posted balance as of April 28, 2014:  Five Hundred Three Thousand Four Hundred Nineteen and 37/100 Dollars ($503,419.37);

  d. Account No. ***9395, styled in the name of Matilde D. George, posted balance as of April 28, 2014:  Twenty Five Thousand Two and 99/100 Dollars ($25,002.99);

  e. Account No. ***7770, styled in the name of Elaine George, posted balance as of April 28, 2014:  Two Hundred Fifty-One Thousand Six Hundred Twenty-One and 89/100 Dollars ($251,621.89); and

  f. Account No. ***7290, styled in the name of Elaine George, posted balance as of April 28, 2014:  Thirty Thousand Four Hundred Sixteen and 69/100 Dollars ($30,416.69).[1]

---

[1] Compass Bank previously had account nos. xxx9360, xxx0920, and xxx2094 but those accounts have no funds remaining in the account and/or have been closed.

930505.20130509/2193621.1

Said amounts may have changed slightly due to interest, outstanding items, and/or routine bank charges, such as monthly charges or early termination penalties.

2. The parties have represented that no other party could claim to be entitled to the funds in dispute and/or a portion thereof.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED as follows:

3. Within twenty (20) days of being presented with a signed copy of this Order, Compass Bank shall retain the amount of One Hundred Thousand, Eight Hundred Thirty-Six and 55/100 Dollars ($100,836.55) as its reasonable and necessary attorneys' fees, costs and expenses.

4. Compass Bank will then close all of the above-referenced accounts (account numbers xxxxxx8164, xxxxxx9000, xxxxxx9840, xxxxxx9395, xxxxxx7770, and xxxxxx7290) and interplead the remaining amounts in all of the accounts into the registry of the Court, less Compass Bank's attorneys' fees awarded herein. Said amount to be interpleaded may change slightly due to interest, outstanding items, and/or routine bank charges, such as monthly charges or early termination penalties.

5. Compass Bank is discharged of any and all liability, if any, to Jose George, Jose Alberto George, Matilde Diaz George a/k/a Matilde George, Elaine George and Fanny Fernandez Zacarias with respect to Account Numbers xxxxxx8164, xxxxxx9000, xxxxxx9840, xxxxxx9395, xxxxxx7770, and xxxxxx7290), any checks deposited into the accounts, and/or with respect to any other issues relating to the funds in the accounts, any prior deposits into and/or disbursements from said accounts and/or the funds that were deducted from Third-Party Plaintiff's account and all alleged forgeries related thereto. After tendering the above monies into the registry of the Court, Compass Bank is dismissed with prejudice from this lawsuit.

2

6.    Nothing in this Order affects claims by and between the other parties regarding the amounts deposited into the Registry of the Courts (less Compass Bank's fees and costs), and the remaining parties are able to bring claims against each other (and not Compass Bank) regarding such facts and/or the parties can try to claim such funds.

7.    This Order does not affect any other accounts the parties may have with Compass Bank and nothing in this Order would prevent other parties from doing future banking activity and/or transactions as allowed under applicable law, such as opening new accounts and/or doing other transactions pursuant to currently open unrelated accounts.

8.    Compass Bank will no longer be a party to this proceeding as it is being dismissed with prejudice. The remaining parties are now free to make claims to the funds that have been interpleaded and/or make other claims by and between the remaining parties.

Signed this 30th day of _____ July _____, 2015.

_____
HONORABLE JUDGE PRESIDING

930505.20130509/2193621.1

**APPROVED AS TO FORM AND SUBSTANCE:**

HIRSCH & WESTHEIMER, P.C.

By: _/s/ William P. Huttenbach_
    William P. Huttenbach
    State Bar No. 24002330
    Aaron E. Homer
    State Bar No. 24057908
    1415 Louisiana, 36th Floor
    Houston, Texas 77002
    Telephone: (713) 223-5181
    Facsimile: (713) 223-9319
    Email: phuttenbach@hirschwest.com
    Email: ahomer@hirschwest.com

**ATTORNEYS FOR THIRD-PARTY
DEFENDANT COMPASS BANK
D/B/A BBVA COMPASS, INCORRECTLY
NAMED BBVA COMPASS BANK**

4

930505.20130509/2193621.1

**BBVA** Compass



CASHIER'S CHECK

**502375760**

CHEQUE DE CAJA

61-118/620

Date/Fecha: 08/06/2015    136

PAY TO THE ORDER OF
Paguese por este cheque a lo orden de
BEXAR COUNTY DISTRICT CLERK

****** $718,729.52 ******

*** SEVEN HUNDRED EIGHTEEN THOUSAND ***
*** SEVEN HUNDRED TWENTY NINE DOLLARS AND 52 CENTS ***

Remitter/Remitente: BBVA COMPASS BANK
Description/Descripción: CASE NO. 2014-CI-03773

*Yolanda Jack*

AUTHORIZED SIGNATURE / FIRMA AUTORIZADA    MP

⑈502375760⑈ ⑆062001186⑆ 151 5611 2⑈

---

**BBVA** Compass



CASHIER'S CHECK

**502375759**

CHEQUE DE CAJA

61-118/620

Date/Fecha: 08/06/2015    136

PAY TO THE ORDER OF
Paguese por este cheque a lo orden de
COMPASS BANK

****** $100,836.55 ******

*** ONE HUNDRED THOUSAND ***
*** EIGHT HUNDRED THIRTY SIX DOLLARS AND 55 CENTS ***

Remitter/Remitente: BBVA COMPASS BANK
Description/Descripción: CASE NO. 2014-CI-03773

*Yolanda Jackson*

AUTHORIZED SIGNATURE / FIRMA AUTORIZADA    MP

⑈502375759⑈ ⑆062001186⑆ 151 5611 2⑈