# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00389-CV

**Crown Equity LLLP; and Crown Innovations, LLC, Appellants**

**v.**

**Benjamin Parker; Georgetown Balance Wellness, LLC; Alfred N. Kay, Jr.;
and Law Offices of Kelley F. Whalen, Appellees**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 16-0298-C368, HONORABLE RICK J. KENNON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellees Alfred N. Kay, Jr. and Law Offices of Kelley F. Whalen filed a motion to dismiss this appeal for lack of jurisdiction, arguing that appellants Crown Equity LLLP and Crown Innovations, LLC filed an untimely notice of appeal. *See* Tex. R. App. P. 26.1. Appellees Benjamin Parker and Georgetown Balance Wellness, LLC also filed a motion to dismiss on identical grounds. Appellees note that the orders granting their respective motions for summary judgment became final and appealable on March 24, 2016, when the court severed all of the appellants' claims against them into a new cause number, 16-0298-C368.

After the time for filing a notice of appeal and seeking an extension of time to file the notice of appeal have expired, a party cannot invoke an appellate court's jurisdiction. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Motions for new trial are timely if filed within thirty days after the judgment is signed. Tex. R. Civ. P. 329b(a). Under this rule, appellants'

deadline for filing their motion for new trial was April 25, 2013. *See* Tex. R. Civ. P. 4, 329b(a). Appellants' June 2, 2016 notice of appeal contends that they filed a motion for new trial on April 18, 2016, "prior to this cause being severed."[1] *See* Tex. R. App. P. 26.1(a) (providing that certain postjudgment motions extend time for filing notice of appeal).

However, the record reflects that the cause was severed on March 24, 2016,[2] before appellants filed their motion for new trial. Further, appellants filed their motion for new trial in the wrong cause, designating that filing in the original cause number (11-993-C368) containing the remaining parties and claims, and not the severed cause (16-0298-C368) making the appellees' summary judgments final.[3] Appellants' misfiled motion for new trial did not extend their deadline for filing their notice of appeal, and the time to seek an extension for filing the notice of appeal has expired. *See* Tex. R. App. P. 26.3; *Philbrook v. Berry*, 683 S.W.2d 378, 379 (Tex. 1985) (concluding that motions for new trial must be filed in same cause as judgment that motion assails); *see also Levin v. Espinosa*, No. 03-14-00534-CV, 2015 Tex. App. LEXIS 1470, at *3, *9

---

[1] Appellants do not renew this contention in their response to the motions to dismiss, and the record disproves it.

[2] On the same day, counsel for the Kay and Whalen appellees sent an e-mail to all counsel notifying them that the court had signed an order granting his clients' motion for summary judgment and "severing those claims into a new cause that will bear the number 16-0298-C368." Counsel for the remaining appellees also sent an e-mail that day to all counsel notifying them that the court granted her clients' motion for summary judgment and attaching a copy of the order.

[3] In response to appellees' motions to dismiss, appellants contend that they were unable to e-file their motion for new trial in the severed cause and that the "Williamson County Clerk's office" could identify only the original cause number. We note that the original and severed causes were district court causes and that inquiries about them should have been made to the office of the district clerk, not the county clerk. Further, appellants' contention that they intended to file their motion for new trial in the severed cause is inconsistent with the fact that the caption to their motion contains the original cause number, and not the severed one.

(Tex. App.—Austin Feb. 13, 2015, no pet.) (mem. op.) (citing *Philbrook* and holding that motion for new trial misfiled in original cause number did not extend deadline for filing appeal from judgment in severed cause).

Accordingly, appellants' June 2, 2016 notice of appeal from the March 24, 2016 judgment is untimely, and we lack jurisdiction over this appeal. *See* Tex. R. App. P. 26.1; *Verburgt*, 959 S.W.2d at 617; *see also Levin*, 2015 Tex. App. LEXIS 1470, at \*9. We grant appellees' motions and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Dismissed on Appellees' Motions

Filed:   July 13, 2016

3