Opinion filed April 14, 2016



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00079-CV

_____

## HALO HOLDINGS GROUP, LLLP AND TRAVIS HOLM, Appellants

## V.

## LIGHT TOWER RENTALS, INC., Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-139,607**

## M E M O R A N D U M   O P I N I O N

Halo Holdings Group, LLLP and Travis Holm attempt to appeal from a December 21, 2015 final judgment rendered by the 161st District Court in favor of Light Tower Rentals, Inc. We dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Our records reflect that the motion for new trial was filed in the district clerk's office on February 2, 2016, which was forty-three days after the date that

the trial court signed the judgment. The motion for new trial was thus thirteen days late. *See* TEX. R. CIV. P. 329b(a). Absent a timely filed motion for new trial, the notice of appeal was due to be filed on January 20, 2016, thirty days after the judgment was signed or, at the very latest, February 4, 2016, with a fifteen-day extension. *See* TEX. R. APP. P. 26.1, 26.3. However, Appellants did not file a notice of appeal until March 21, 2016. Appellant's notice of appeal was, therefore, untimely. Upon docketing this appeal, the clerk of this court wrote the parties and informed them that the motion for new trial appeared to be untimely, thereby making the notice of appeal untimely. We requested that Appellants respond and show grounds to continue the appeal.

Appellants filed a response in which they urge that they have a reasonable explanation for the untimely filing of their motion for new trial. The underlying cause was originally filed in Ector County Court at Law No. 2; however, it was subsequently transferred to the 161st District Court and given a new cause number. Judgment was thereafter rendered by the district court in the district court cause number. Appellants state that their motion for new trial was originally submitted in a timely manner but that their counsel "accidentally typed" the cause number for the county court at law and that, as a result, the motion for new trial "was electronically filed with the wrong Court." When Appellants' counsel was made aware of his "clerical error" by the clerk of the county court at law, he immediately refiled the motion for new trial under the correct cause number in the district clerk's office.

Despite the apparent reasonableness of Appellants' explanation, we are unable to continue with this appeal. A motion for new trial is ineffective if it is "filed in the wrong cause." *Philbrook v. Berry*, 683 S.W.2d 378, 379 (Tex. 1985); *see also Buttery v. Betts*, 422 S.W.2d 149, 151 (Tex. 1967). The Austin Court of Appeals has rejected an argument similar to the one made by Appellants in this

appeal. *See Levin v. Espinosa*, No. 03-14-00534-CV, 2015 WL 690368 (Tex. App.—Austin Feb. 13, 2015, no pet.) (mem. op.). In *Levin*, the court held that a motion for new trial that was initially filed electronically in the original cause number, instead of the severed cause number, was not timely and, therefore, did not extend the time to file a notice of appeal in the severed cause. *Id.* at *1. The *Levin* court also noted that, when the appellant was notified that his motion for new trial had been misfiled, he could have filed a notice of appeal and a motion for an extension of time to file the notice of appeal rather than filing an untimely motion for new trial in the severed cause number. *Id.* at *3. We likewise observe that Appellants were notified of the problem with their motion for new trial within the fifteen-day period in which they could have filed a notice of appeal under TEX. R. APP. P. 26.3. Because Appellants' motion for new trial was originally filed in the wrong cause and was not timely filed in the correct cause, their notice of appeal was due within thirty days after the judgment was signed. TEX. R. APP. P. 26.1.

Absent a timely notice of appeal, this court is without jurisdiction to consider this appeal. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because Appellants did not timely file a notice of appeal, we have no jurisdiction to entertain their appeal.

We dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

April 14, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.